No. 92,142

In the Matter of GLENN F. ANDERSON, II, *Respondent.*

(101 P.3d 1207)

Opinion filed December 3, 2004.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Ryan K. Elliot*, of Joseph & Hollander, P.A., of Topeka, argued the cause for respondent, and *Glenn F. Anderson, II*, respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline filed by the office of the Disciplinary Administrator against Glenn F. Anderson, II, an attorney licensed to practice law in the state of Kansas.

The hearing panel concluded that Anderson violated Kansas Rules of Professional Conduct (KRPC) 1.1 (2003 Kan. Ct. R. Annot. 324) (competence), KRPC 1.3 (2003 Kan. Ct. R. Annot. 336) (diligence), KRPC 1.4 (2003 Kan. Ct. R. Annot. 349) (communication), KRPC 1.15 (2003 Kan. Ct. R. Annot. 395) (safekeeping property), KRPC 1.16 (2003 Kan. Ct. R. Annot. 407) (declining or terminating representation), KRPC 4.1 (2003 Kan. Ct. R. Annot. 440) (truthfulness in statements to others), KRPC 5.3 (2003 Kan. Ct. R. Annot. 446) (responsibilities regarding nonlawyer assistants), KRPC 5.5 (2003 Kan. Ct. R. Annot. 449) (unauthorized practice of law), KRPC 8.1 (2003 Kan. Ct. R. Annot. 459) (bar admission and disciplinary matters), KRPC 8.4 (2003 Kan. Ct. R. Annot. 464) (misconduct), and Supreme Court Rule 207 (2003 Kan. Ct. R. Annot. 250) (duties of the bar), and Supreme Court Rule 211(b) (2003 Kan. Ct. R. Annot. 264) (service of respondent's answer to complaint). The Disciplinary Administrator's office recommended disbarment to the hearing panel, and the hearing panel concurred in that recommendation.

Anderson failed to file exceptions to the hearing panel's findings, and this matter was set for a hearing before this court on September 2, 2004. Because Anderson did not file any exceptions within

20 days, the hearing panel's report is deemed to be admitted pursuant to Supreme Court Rule 212(c) and (d) (2003 Kan. Ct. R. Annot. 270). Although Anderson did not file a brief to contest the hearing panel's findings of fact and conclusions of law, he filed a Plea for Leniency and Proposed Plan of Probation (Plea) on August 20, 2004. The Disciplinary Administrator's office filed an objection to Anderson's Plea, claiming that it was submitted out of time as a de facto brief. The Disciplinary Administrator's office noted that Anderson's Plea had not been properly served on the Disciplinary Administrator's office. On August 26, 2004, Anderson filed a response to the Disciplinary Administrator's objection, claiming that his Plea does not contest or challenge the hearing panel's conclusions but demonstrates "exceptional circumstances and persuasive mitigating factors" for granting his request for probation.

## FACTS

Because the complaints against Anderson are numerous, we will summarize the facts. Anderson was admitted to the practice of law in April 2002. This disciplinary proceeding against Anderson results from 17 complaints. Several of these complaints stem from Anderson's relationship with Cortland Berry, a disbarred attorney. After Berry's law license was suspended, Berry and Anderson worked out a system in which Berry would meet with the clients and prepare the pleadings, and Anderson would sign the pleadings and make appearances in court. Many of the complaints involve Anderson's failure to perform the work as promised, to appear in court as scheduled, and to maintain communication with his clients after the clients paid retainers for Anderson's services. In addition, Anderson failed to utilize a trust account and deposited his clients' retainers and filing fees directly into his personal account.

One of the complaints involved Anderson's attempt to assist a prison inmate in unlawfully circumventing the prison regulations for the withdrawal of the inmate's funds. An inmate is limited to withdrawing $30 per month without special approval from administrators at the Hutchinson Correctional Facility. Anderson billed Gayle Sanford, an inmate at the Hutchinson Correctional Facility, $350 for preparing a power of attorney document. However, before

presenting the bill to the Hutchinson Correctional Facility for payment from Sanford's inmate account, Anderson modified the amount of the bill to $2,550 and added the notation "Civil case review and filing, $2200." A friend of Sanford's testified that she was supposed to receive $2,200 and Anderson was supposed to receive the remainder of the payment from Sanford's account.

Another complaint was filed by two federal district court judges regarding Anderson's failure to file timely motions in a federal employment discrimination case. Anderson entered his appearance for the plaintiffs after Cortland Berry withdrew. Two months later, the federal district court granted summary judgment in one of the cases and partial summary judgment in the other case. Anderson's clients asked him to file a motion for reconsideration, and Anderson agreed to file the motion when he returned from his vacation. When the clients discovered that the motions would be untimely if they were not filed until after Anderson returned from his vacation, they filed the motions pro se. The federal district court struck the motions because they were filed without Anderson's signature, but later allowed Anderson to amend the motions to include his signature. Thereafter, the clients terminated Anderson's representation.

During the investigation of these complaints, this court issued a subpoena duces tecum requiring Anderson to appear for a deposition and bring all of his files associated with the complaints. Anderson did not appear for his deposition and failed to notify the investigators from the Disciplinary Administrator's office that he would not be there. However, he left some files at the site of the deposition. The files were incomplete, and Anderson indicated that he had either lost some of the files or he had not created files for some matters. The investigator conducting the deposition eventually contacted Anderson on his cell phone and learned that Anderson was in the district court on other matters and would not appear for his own deposition in accordance with this court's order. Anderson did not advise the district court that he had been subpoenaed by this court for a deposition regarding his disciplinary proceedings.

On September 8, 2003, the Disciplinary Administrator's office filed a motion with this court requesting an order for Anderson to show cause why his license to practice should not be temporarily suspended pursuant to Supreme Court Rule 203(b) (2003 Kan. Ct. R. Annot. 226). This motion was based on letters from the Ethics and Grievance Committee of the Wichita Bar Association, which sought temporary suspension of Anderson's license to "protect members of the public in Sedgwick County from being further harmed by the continuing unprofessional conduct of [Anderson]." This court issued the Show Cause Order as requested but declined to temporarily suspend Anderson's license prior to a formal hearing on the complaints. After continuing the matter until March 2004, 1 month after Anderson's formal hearing, this court issued an order temporarily suspending Anderson's license to practice law.

In accordance with the Disciplinary Administrator's recommendation, the hearing panel unanimously recommends disbarment based on its finding of the following aggravating and mitigating factors:

Dishonest or Selfish Motive;

A Pattern of Misconduct;

Multiple Offenses;

Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process;

Submission of False Evidence, False Statements, or Other Deceptive Practices During the Disciplinary Process;

Refusal to Acknowledge Wrongful Nature of Conduct;

Vulnerability of Victim;

Indifference to Making Restitution;

Absence of Prior Disciplinary Record;

Inexperience in the Practice of Law.

We are not bound by the Disciplinary Administrator's recommendation. Supreme Court Rule 212(f) (2003 Kan. Ct. R. Annot.

270). Likewise, we are not bound to follow the recommendations of the hearing panel.

Although the report of the disciplinary board is advisory only, it will be given the same dignity as a special verdict by a jury or the findings of a trial court and will be adopted where amply sustained by the evidence, where it is not against the clear weight of the evidence, or where the evidence consisted of sharply conflicting testimony. *In re Hill*, 259 Kan. 877, 882-83, 915 P.2d 49 (1996).

Anderson argues that he should receive probation. However, probation is only granted in limited situations when three requirements have been met. First, the attorney must develop a workable, substantial, and detailed plan of probation before the hearing. Next, there must be unique circumstances or the respondent must demonstrate an exceptional case with persuasive mitigating factors. Finally, the plan of probation must serve the best interests of both the legal profession and the citizens of Kansas. *In re Conwell*, 275 Kan. 902, 911, 69 P.3d 589 (2003).

Anderson argues that he meets the conditions for probation because his misconduct arose from unique circumstances and demonstrates an exceptional case with persuasive mitigating factors. He relies primarily on his lack of legal experience, inadequate business administration and management skills, and depression caused by his overwhelming disciplinary problems.

The hearing panel concluded that probation is not warranted because Anderson's plan is unworkable, insubstantial, undetailed, unsupported by unique circumstances, without basis as an exceptional case with persuasive mitigating factors, and insufficient to best serve the interests of the legal profession and the citizens of Kansas.

Unique circumstances are those which indicate that the attorney's misconduct resulted from a one-time response to adversity and that it is highly unlikely the attorney would repeat the mistake. *In re Scimeca*, 265 Kan. 742, 758, 962 P.2d 1080 (1998). We have previously found unique circumstances when the misconduct occurred while the respondent was under severe emotional distress caused by his father's terminal illness. *In re Jantz*, 243 Kan. 770, 774, 763 P.2d 626 (1988)

There are no facts to support Anderson's claim that these complaints arose out of unique circumstances or that this case is exceptional and supported by persuasive mitigating factors. Anderson was on notice of the issues regarding his professional conduct as early as October 2002, merely 6 months after he had received his license to practice law. Honorable Robert E. Nugent, Chief Bankruptcy Judge for the United States District Court in Kansas, personally counseled Anderson regarding his bankruptcy practice and his association with Cortland Berry in both October 2002 and April 2003. Anderson ignored Judge Nugent's advice.

Likewise, two of the disciplinary investigators advised Anderson to establish a trust account for all prepayments and retainers, but Anderson failed to heed this advice and continued to directly deposit client funds into his personal account. One of the investigators stated that Anderson

"initially appears as a young man who is quite affable who might simply be off to a bad start. The initial desire is to try and work with him to correct the problems. The reality seems to be that many people have tried to work with him to correct his problems, and he has no interest in correcting them."

Although Anderson claims to recognize the error in his ways, his recognition is untimely. Anderson had opportunities to improve his professional performance as early as the fall of 2002, but he chose to ignore the advice he was given. Anderson's untimely recognition of his errors does not constitute a unique circumstance or lead us to conclude this is an exceptional case with persuasive mitigating factors.

Furthermore, Anderson's claim that he was suffering from depression is not supported by the record. Anderson attached a letter from a counselor to support his claim. However, this letter indicates that Anderson did not seek counseling until July 9, 2004, several months after his license was temporarily suspended. It does not support a conclusion that Anderson was suffering from depression during the time period when the complaints occurred.

Because Anderson has failed to establish that his misconduct resulted from unique circumstances or that this is an exceptional case with persuasive mitigating factors, we find no reason to grant

his request for probation. Rather, we accept the hearing panel's factual findings because they are supported by evidence in the record, and we adopt the recommendations from the hearing panel and the Disciplinary Administrator.

IT IS THEREFORE ORDERED that Glenn F. Anderson, II, be and he is hereby disbarred from the practice of law in the state of Kansas, that his privilege to practice law in the state of Kansas is hereby revoked, and that the Clerk of the Appellate Courts of Kansas strike the name of Glenn F. Anderson, II, from the role of attorneys licensed in the state of Kansas.

IT IS FURTHER ORDERED that this order shall be published in the Kansas Reports, that the costs herein shall be assessed to Glenn F. Anderson, II, and that Glenn F. Anderson, II, forthwith shall comply with Supreme Court Rule 218 (2003 Kan. Ct. R. Annot. 286).