NOT DESIGNATED FOR PUBLICATION

No. 119,202

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JUSTIN T. MORALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed August 27, 2021. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON and HURST, JJ.

PER CURIAM: Fourteen years after Defendant Justin T. Morales pleaded no contest to criminal possession of a firearm and possession of marijuana in Sedgwick County District Court, he filed a motion to withdraw those pleas. The district court found the motion to be untimely and held Morales failed to show "excusable neglect" warranting an exception to that procedural default. We agree and affirm the district court's ruling.

1

In 2003, Morales hired Glenn Anderson II to represent him on those felony charges. Anderson worked out an agreement with the State calling for Morales to plead no contest as charged in exchange for recommendations that he receive a personal recognizance bond upon entering the pleas and that the district court order a dispositional departure to probation at sentencing. The district court followed those recommendations. Morales was released from jail following the plea hearing, and the district court later sentenced him to a controlling prison term of 28 months and placed him on probation for 12 months.

Morales didn't fare especially well on probation. After several violations, the district court revoked Morales' probation on December 6, 2005, and ordered him to serve the prison sentence. Anderson did not represent Morales in those proceedings. Morales completed the sentence in this case years ago.

In October 2017, Morales filed the motion to withdraw his pleas to the firearms and marijuana charges. The district court heard arguments from the lawyer representing Morales and an assistant district attorney and considered an affidavit from Morales. The district court received no other evidence. The district court denied the motion as statutorily time-barred. Morales has appealed.

Under K.S.A. 22-3210(d), criminal defendants may move to withdraw pleas of guilty or no contest before or after sentencing. After sentencing, a defendant must show that withdrawal of a plea is necessary to "correct manifest injustice." K.S.A. 2020 Supp. 22-3210(d)(2). In 2009, the Legislature enacted a time limit requiring a postsentencing motion to be filed no later than one year after the conclusion of any direct appeal or the expiration of the time to appeal. K.S.A. 2020 Supp. 22-3210(e)(1). A defendant may file a motion beyond the one-year limitation upon a showing of "excusable neglect" for the delay. K.S.A. 2020 Supp. 22-3210(e)(2). Defendants whose cases had concluded before the time limit went into effect had a one-year window to file motions to withdraw their

pleas. See *State v. Hill*, 311 Kan. 872, 877-78, 467 P.3d 473 (2020). So Morales had until April 16, 2010, to file a timely motion.

Because the district court considered Morales' affidavit in ruling on the motion but did not hold a full evidentiary hearing, there is some question whether we apply a de novo standard of review or review the denial for an abuse of judicial discretion. See *Hill*, 311 Kan. at 875 (review for abuse of discretion); *State v. Wilson*, 308 Kan. 516, 520, 421 P.3d 742 (2018) (applying unlimited review where district court summarily denies motion without additional evidence). A district court abuses its discretion by ruling in a way no reasonable judicial officer would under the circumstances, by ignoring controlling facts or relying on unproven factual representations, or by acting outside the legal framework appropriate to the issue. See *State v. Darrah*, 309 Kan. 1222, 1227, 442 1049 (2019); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011). A de novo standard would be more favorable to Morales because we afford no deference to the district court's ruling. We do not decide the point, since Morales' appeal falters under either standard.

Excusable neglect is an amorphous concept, especially at the margins. It entails some form of extenuating circumstance preventing performance of the required act. *State v. Gonzalez*, 56 Kan. App. 2d 1225, 1229-30, 444 P.3d 362 (2019), *rev. denied* 311 Kan. 1048 (2020); cf. *Hill*, 311 Kan. at 878 ("[E]xcusable neglect resists clear definition and must be determined on a case by case basis."). Inattention alone may not be enough, and deliberately choosing to do nothing in the face of a legal deadline commonly would not be excusable. As the State points out, excusable neglect bears on why Morales failed to file his motion sooner and is independent of any grounds establishing manifest injustice permitting him to withdraw his pleas if the motion were considered on the merits.

Morales outlines two ostensible reasons for his excusable neglect and in doing so offers a clear insight into his motive for filing the motion. In 2017, Morales had been

3

charged with federal crimes in South Dakota. The lawyer representing him in the federal case explained the 2003 marijuana conviction could substantially increase the mandatory sentence he faced under federal law. Morales now argues he only recently learned he could withdraw his pleas based on the ineffective assistance of a lawyer and that Anderson was under investigation by the Kansas Disciplinary Administrator in 2003 and was later disbarred. He attributes his new-found knowledge to discussions with the lawyer handling the federal prosecution and the lawyer filing his motion to withdraw the pleas. The argument fails to demonstrate excusable neglect.

Anderson was suspended from the practice of law during the latter part of the Disciplinary Administrator's investigation (an unusual step), and the Kansas Supreme Court then disbarred him based on 17 separate complaints about his performance in handling both state and federal matters. *In re Anderson*, 278 Kan. 512, 101 P.3d 1207 (2004). But this case was not among the 17 complaints. The sorry end to Anderson's legal career does not establish that he was ineffective in representing Morales in this case.

Moreover, the appellate courts have held that a defendant's lack of knowledge about the law does not amount to excusable neglect permitting the otherwise untimely pursuit of a motion to withdraw a plea. See *State v. Davisson*, 303 Kan. 1062, 1067-69, 370 P.3d 423 (2016); *Gonzalez*, 56 Kan. App. 2d at 1231-32. Morales' ignorance that he could have filed a motion to withdraw his pleas on the grounds Anderson failed to adequately represent him—even assuming Anderson's legal work in this case to have been deficient—precludes consideration of his motion some seven years after the filing deadline had passed. In *Davisson*, the court endorsed "the basic proposition that ignorance of the law should not constitute excusable neglect . . . under K.S.A. 2015 Supp. 22-3210(e)(2)" and relied on analogous authority construing the concept of excusable neglect in other civil and criminal contexts. 303 Kan. at 1068-69.

The outcome seems particularly appropriate here. Morales faced multiple probation violations and ultimately revocation in the years immediately after his plea and sentencing. As we have said, he was then represented by lawyers other than Anderson. They could have filed motions to withdraw Morales' pleas to thwart the State's effort to revoke his probation. See, e.g., *State v. Washington*, No. 118,978, 2019 WL 4892181, at *3-4 (Kan. App. 2019) (unpublished opinion), *rev. denied* 312 Kan. 901 (2020). If a criminal defendant withdraws his or her plea, the sentence is necessarily vacated, so there remains no probation to revoke. The lawyers, of course, acted as Morales' proxy in responding to the probation violation proceedings and should have understood a defendant's statutory right to withdraw a plea after sentencing. They did not assert that right, suggesting they determined either no good grounds supported doing so or Morales would have been substantially disadvantaged by giving up the plea bargain in favor of some other disposition of the charges notwithstanding the probation revocation. Morales has not suggested, let alone argued, he was aggrieved by their legal representation. In short, Morales, through his lawyers, could have timely moved to withdraw the pleas and didn't. That weighs heavily against his effort to show excusable neglect allowing him to do so now.

Morales' grievance is not so much with Anderson or the disposition of the charges he worked out; it is with the present effect of those convictions in his federal criminal case. That case and Morales' dismay rest principally on his apparent inability to remain law abiding rather than on his ignorance of the law governing the withdrawal of pleas. The district court properly declined to take up Morales' request to withdraw his pleas because he could show no excusable neglect justifying a delay spanning more than a decade.

Affirmed.

5