NOT DESIGNATED FOR PUBLICATION

No. 116,198

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHAN LEVI MANGOLD,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed November 17, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Anna M. Jumpponen*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., MALONE, J., and LORI A. BOLTON FLEMING, District Judge, assigned.


PER CURIAM: Jonathan Levi Mangold appeals the district court's denial of his motion to withdraw his plea, claiming that the district court abused its discretion and that his counsel was ineffective—an issue raised for the first time on appeal. After a thorough review of the record, we find no error by the district court in denying Mangold's motion and find counsel's performance was not deficient. Accordingly, we affirm the district court.

1

In May 2014, the State charged Mangold with felony possession of marijuana, misdemeanor possession of drug paraphernalia, and felony criminal possession of a firearm. Attorney Julie Effenbeck was appointed by the district court to represent Mangold.

As the case progressed, Mangold became dissatisfied with Effenbeck's representation and requested new counsel, claiming he was not receiving information that he had requested from Effenbeck. The district court held a hearing on Mangold's request for new counsel and ultimately denied the motion because Effenbeck was not required to provide the requested information.

Although there was some possibility of the case being heard in federal court, the case proceeded in state court. Mangold waived his right to a preliminary hearing, and the case was set for jury trial on August 21, 2014.

On August 20, 2014, Effenbeck filed a motion to continue the jury trial and advised that the parties were still negotiating. The court considered the motion on August 21, 2014, on what would have been the first day of trial. At the hearing, the prosecutor advised that he had just been informed that federal prosecutors would not be pursuing the case, which meant the State would now extend a plea offer to Mangold. The district court granted the motion for continuance and reset the matter for August 28, 2014.

On August 28, 2014, the parties appeared before the court. Effenbeck announced to the court that she had discussed the State's plea offer with Mangold, and Mangold had rejected the plea. Effenbeck then gave a counter plea offer, which the State rejected. The State then presented a revised plea offer—if Mangold would plead to criminal possession of a firearm, then the State would dismiss the other counts. Mangold requested time to

consider the plea. The court reset the matter to September 11, 2014, in order for Mangold to consider the plea offer, but Effenbeck informed the court that an agreement still might be reached that day.

After a recess, Mangold was ready to accept the plea offer. Mangold would plead no contest to criminal possession of a firearm and have open sentencing—meaning there was no agreement as to sentencing—in exchange for the State dismissing the charges of possession of marijuana and possession of drug paraphernalia. Effenbeck reduced the agreement to a hand-written plea tender which Mangold, Effenbeck, and the State all signed. The district court then went through a plea colloquy with Mangold. Mangold was advised of the charges against him, the corresponding penalties, and his rights, including his right to a jury trial. Mangold told the court that he understood the charges, that there were no impediments to him entering his plea, and that he was satisfied with Effenbeck's representation on the case. The court read the specific charge to which Mangold was pleading no contest and the authorized terms of punishment. Mangold told the court it was his desire to plead no contest to the charge; after finding a sufficient factual basis, the court accepted Mangold's plea.

Sentencing was ultimately set for November 13, 2014. Prior to sentencing, Effenbeck filed a motion for downward dispositional departure to probation. The district court denied the departure motion and sentenced Mangold to a 19-month prison sentence with 12 months of postrelease supervision.

Mangold filed a timely notice of appeal, but no appeal was ever docketed. After the notice of appeal was filed, Mangold filed a motion to withdraw plea. The district court dismissed this motion without prejudice because it believed it lacked jurisdiction due to the notice of appeal having been filed.

On February 3, 2015, Mangold filed a document titled motion to withdraw plea agreement and motion to compel for judgment of ineffective assistance of counsel. Mangold alleged Effenbeck was ineffective in her representation because Mangold believed that Effenbeck had lied to and deceived him. Mangold also stated that he was coerced into making his plea because he was led to believe he would receive treatment and probation rather than a prison sentence. Furthermore, Mangold asserted that Effenbeck withheld a written statement that proved his innocence. Regarding the plea itself, Mangold stated that he did not really want to take the plea, but Effenbeck told him on the day of trial that if he did not take the plea the prosecutor would request the maximum sentence.

In July 2015, Mangold voluntarily dismissed his appeal. On August 7, 2015, the district court heard Mangold's motion. At the hearing, Mangold acknowledged that he had read a majority, but not all, of the plea tender and that he signed the plea tender anyway. Mangold stated he was not forced or coerced to do so. Mangold presented errors that the plea tender stated he was pleading to a "nonperson person" instead of a nonperson felony. Additionally, the plea tender stated Mangold faced "7 to 23 years" in prison instead of the actual prescribed punishment of 7 to 23 months. Mangold stated he would not have taken the plea if he had noticed these errors. Mangold said that Effenbeck only discussed the plea offer with him for about 10 minutes.

Mangold also presented a letter from Kimberlie Damron in which Damron took responsibility for the possession of the firearm but stated Mangold hid the gun clip. Mangold asserted that he was unaware of the existence of the letter until after he had pled but before sentencing. Mangold stated that had he known Damron was taking responsibility for the weapon, he would not have pled no contest to the criminal possession of a firearm charge. Mangold further stated that he wanted his plea withdrawn because he did not feel the charges were justified and that Effenbeck should have fought his charges.

4

Effenbeck testified as a witness for the State at the hearing. She stated she has been an attorney for over 25 years and has practiced exclusively in the area of criminal law since 2004. Effenbeck was aware that Mangold had pending cases in three other counties and that his anticipated criminal history score would be B. Effenbeck testified that she forwarded the Damron letter to the prosecutor's office at Mangold's request. Effenbeck stated that Mangold wanted a plea resulting in probation and was displeased with not receiving such an offer. Effenbeck sent a letter to Mangold informing him of the possibility of the case being prosecuted in federal court and explained that was the reason that a plea had not been offered by the State. Effenbeck was later informed the case would not be prosecuted in federal court. She testified in detail about the efforts she made to negotiate the case on her client's behalf and her discussions with Mangold of his potential plea. Effenbeck was shown the errors in the hand-written plea tender but stated she did not recall seeing the errors at the time Mangold pled.

The district court denied Mangold's motions. In making its ruling, the district court reviewed the plea colloquy between the court and Mangold and found that Mangold had been advised of his right to a jury trial, the nature of the charge, and the possible punishment. Even though the plea tender had errors, the district court found Mangold understood the plea and had not been misled about the consequences of the plea. Further, the court found Effenbeck provided competent representation and the statement concerning the State seeking the maximum penalty was needed for Effenbeck to provide good advice to Mangold. The court also found that the plea was fairly and understandingly made. Ultimately, the district court held that there was no showing of manifest injustice and denied the motion.

Mangold timely appeals.

Mangold first asserts that the district court erred when it denied his motion to withdraw his plea because it did not recognize that he lacked the capacity to knowingly enter into a plea agreement. The district court may allow a defendant to withdraw a plea after sentencing has occurred in order to correct manifest injustice. K.S.A. 2016 Supp. 22-3210(d)(2). We review a district court's denial of a postsentence motion for an abuse of discretion. Judicial discretion is abused if the action is based on an error of law or fact, or no reasonable person would agree with the decision of the district court. The party asserting the abuse of discretion bears the burden of proving the district court abused its discretion by denying the motion. *State v. Davisson*, 303 Kan. 1062, 1064-65, 370 P.3d 423 (2016).

Mangold is raising the issue concerning his mental illness for the first time on appeal. Mangold did not raise this issue in his pro se motion, and his counsel did not raise the issue at the hearing on the motion to withdraw Mangold's plea. The only mention of any mental illness in the record is from an alcohol and drug assessment, which states: "[Mangold] was diagnosed with Paranoid Schizophrenia, Bipolar and ADHD in 2001, while in foster care. At that time he was referred to individual counseling and was prescribed medication, which he took until age seventeen. He does not see a need for mental health services at this time."

Generally, a legal theory that is not raised before the trial court cannot be raised for the first time on appeal. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). The Kansas Supreme Court has recognized three exceptions to this rule:

> "'(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary

to serve the ends of justice or to prevent the denial of fundamental rights, and (3) the district court is right for the wrong reason.' [Citation omitted.]" *State v. Gomez*, 290 Kan. 858, 862, 235 P.3d 1203 (2010).

Under Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34), the party asserting the new legal theory must explain why it is properly before the reviewing court. Mangold does not assert any reason why we should consider his mental illness and competency argument in light of the fact that it was not raised before the district court. Therefore, we will not consider Mangold's argument that the district court erred based on the claim that Mangold's mental illness showed the plea was not fairly and intelligently made. See *State v. Godfrey*, 301 Kan. 1041, 1043-44, 350 P.3d 1068 (2015); *State v. Williams*, 298 Kan. 1075, 1085-86, 319 P.3d 528 (2014).

The Kansas Supreme Court has provided three factors—referred to as the *Edgar* factors—for courts to utilize when evaluating whether a defendant should be allowed to withdraw a plea under K.S.A. 2016 Supp. 22-3210(d): "'(1) [T]he defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the plea was fairly and understandingly made. [Citation omitted.]'" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006) (quoting *State v. Bey*, 270 Kan. 544, 545, 17 P.3d 322 [2001]).

Mangold's argument is not clear as to what facts should apply to each factor. The crux of Mangold's argument is that due to his mental illness diagnosis, along with the errors in the plea tender and pleading on the same day, the plea was not fairly and understandingly made. Furthermore, Mangold argues Effenbeck did not provide competent counsel due to not arguing Mangold's mental illness made him incompetent to enter the plea.

7

The first factor we review is whether Mangold was represented by competent counsel. See *Edgar*, 281 Kan. at 36. Mangold does not show that the district court abused its discretion in finding that Effenbeck was competent in her representation. Judicial discretion is not abused when the district court makes its findings within the confines of the applicable legal framework. See 281 Kan. at 38. Mangold's argument concerning competent representation is based on his mental illness and his capacity to enter his plea. Based upon the information presented to the district court, Mangold has not shown that the district court made an error of fact, an error of law, or that no reasonable person would have concluded that Effenbeck provided competent representation.

Mangold does not address the second factor of the analysis—whether he was misled, coerced, mistreated, or taken advantage of unfairly. See *Edgar*, 281 Kan. at 36. By not addressing this point, he has failed to carry his burden of showing the district court abused its discretion in finding he was not misled or coerced into taking his plea.

The third factor is whether the plea was fairly and understandingly made. *Edgar*, 281 Kan. At 36. K.S.A. 2016 Supp. 22-3210(a) requires that the plea be entered in open court, that the district court inform the defendant of the specific sentencing guidelines and maximum penalty for the level of crime that is being pled, that the district court address the defendant personally and determine that the plea is voluntarily made with understanding of the charges and consequences of the plea, and that the district court find that a factual basis exists for the plea. Here, the district court relied upon the plea colloquy to determine that the plea was fairly and understandingly made.

Prior to Mangold entering his plea, the district court informed him of the sentencing range for the level of the offense. Although the plea tender had an incorrect sentencing range, the district court is tasked with informing the defendant of the possible sentence. See K.S.A. 2016 Supp. 22-3210(a). Here, the district court properly informed Mangold of that range.

Additionally, the district court informed Mangold of the consequences of the plea. Mangold stated he understood that he had a right to a jury trial and was waiving that right by pleading. Mangold answered affirmatively that he understood his rights that occur during a trial and was waiving those rights, and Mangold indicated that he understood he was waiving the right to appeal his conviction and sentence by entering his plea. The district court also informed Mangold that a conviction for the felony offense would limit his other rights, like the right to vote and to possess a firearm. Finally, Mangold indicated that he had not been threatened or intimidated and was entering the plea freely and voluntarily. Based upon this information from the plea colloquy, the district court had a sufficient basis to determine that Mangold had entered his plea freely and voluntarily. The district court utilized the appropriate legal standards and did not abuse its discretion in denying Mangold's motion to withdraw his plea.

## WAS MANGOLD'S COUNSEL INEFFECTIVE?

Mangold's second issue on appeal is that Effenbeck provided ineffective assistance of counsel by not raising the issue of Mangold's competency to enter the plea at sentencing. This issue also was not raised before the district court; however, Mangold asserts that we may determine the issue in order to serve the ends of justice and prevent the denial of a fundamental right: effective assistance of counsel. Generally, issues of ineffective assistance of counsel should not be determined before the trial court has an opportunity to assess the performance of counsel. *State v. Van Cleave*, 239 Kan. 117, 118-19, 716 P.2d 580 (1986). On the other hand, an appellate court may determine the issue when the record on appeal is sufficiently complete to determine the issue. *State v. Carter*, 270 Kan. 426, 433, 14 P.3d 1138 (2000).

Whether counsel provides ineffective assistance is a mixed question of law and fact. *Easterwood v. State*, 273 Kan. 361, 370, 44 P.3d 1209, *cert. denied* 537 U.S. 951 (2002). In order to obtain a reversal due to ineffective assistance of counsel, Mangold

must show (1) his counsel's performance was deficient, meaning "'that counsel made errors so serious that counsel's performance was less than that guaranteed by the Sixth Amendment to the United States Constitution,'" and (2) he was prejudiced by the deficient performance. See *State v. Davis*, 277 Kan. 309, 314, 85 P.3d 1164 (2004) (quoting *State v. Orr*, 262 Kan. 312, Syl. ¶ 1, 940 P.2d 42 [1997]). In determining whether counsel's performance is deficient, judicial review "must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *State v. Orr*, 262 Kan. 312, Syl. ¶ 2, 940 P.2d 42 (1997).

Here, despite the issue being raised for the first time on appeal, the record is sufficient to analyze the first prong, and it would not serve any purpose to remand the case. Mangold claims Effenbeck was ineffective because she failed to challenge Mangold's competency to ensure he had the capacity to enter a plea. This issue arose when records of prior mental illness, from 2001 when Mangold was a juvenile, appeared in an alcohol and drug evaluation report from an evaluation conducted after he accepted the plea. Neither Effenbeck nor the State had any notice of Mangold's prior mental health issues until after his plea, and there is nothing in the record that indicates Mangold experienced mental health issues in 2014. Mangold's argument is based on an assumption that because he suffered from mental illness in 2001—many years prior to his 2014 case—he must not have been competent to enter into a plea agreement in 2014. Mangold's argument ignores the fact that the same report indicates he stopped taking medications for those conditions at age 17 and does not believe he requires any mental health services.

Mental illness alone is not sufficient to show a person is incompetent. See *State v. Harkness*, 252 Kan. 510, 516, 847 P.2d 1191 (1993). The test to determine competence to stand trial analyzes "'whether [the defendant] has sufficient present ability to consult with

his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015) (quoting *Dusky v. United States*, 362 U.S. 402, 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 [1960]). The record is quite clear that Mangold was able to consult with his attorney; request a particular outcome— probation—for his case; and converse with the district court intelligently about the charges against him, the consequences of his plea, and his rights in the case. Mangold was able to understand the nature of the proceedings, understand his position in the proceedings, and assist in his defense. There is simply no evidence in the record of any mental impediment that impacted Mangold's ability to enter a plea or that would have justified a competency evaluation. Thus, Effenbeck cannot be ineffective for her failure to request a competency evaluation.

Affirmed.