NOT DESIGNATED FOR PUBLICATION

No. 115,894

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JORGE A. RODRIGUEZ-VARGAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed December 29, 2017. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara, LLC, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GREEN and BUSER, JJ.

BUSER, J.: This is an appeal by Jorge A. Rodriguez-Vargas from the district court's denial of his motion to withdraw plea. Rodriguez-Vargas presents two issues on appeal. First, he contends the district court erred because he was "entitled to have his plea withdrawn as a matter of law when the trial court failed to investigate his Sixth Amendment claims" about a conflict with his retained attorney. Second, Rodriguez-Vargas argues that because of the district court's failure, his pleas are invalid as a matter of law and may be withdrawn at any time, despite failing to meet the timeliness and manifest injustice requirements of K.S.A. 2016 Supp. 22-3210.

1

As discussed in this opinion, after considering the parties' arguments presented in their briefs and reviewing the record, we conclude that Rodriguez-Vargas' issues are not properly before us for the first time on appeal, and the district court did not err in denying the motion to withdraw plea for failing to comply with the timeliness requirement of K.S.A. 2016 Supp. 22-3210(e)(1)(A). Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

On July 29, 2012, Rodriguez-Vargas shot and injured an individual in the shoulder and also discharged a firearm outside a residence in Wichita. As a result, Rodriguez-Vargas was charged with aggravated battery, a severity level 4 nondrug person felony in violation of K.S.A. 2012 Supp. 21-5413(b)(1)(A); and criminal discharge of a firearm at an occupied dwelling, a severity level 7 nondrug person felony in violation of K.S.A. 2012 Supp. 21-6308(a)(1)(A). Rodriguez-Vargas waived his preliminary hearing and formal arraignment on October 10, 2012. His jury trial initially was set for December 3, 2012.

In a January 1, 2013 handwritten letter to the district court, entitled "Possible Conflict with Counsel," Rodriguez-Vargas wrote about some concerns regarding his retained attorney, David Leon. Specifically, Rodriguez-Vargas complained he had not received discovery documents, that when he retained Leon the attorney had advised him "I would get a plea for a term of probation, I was later told that he could no longer get me a term of probation," that his counsel rarely spoke with him, and Rodriguez-Vargas was worried that Leon had made "little to no effort . . . to prepare a defense to this charge." Rodriguez-Vargas concluded: "As I understand it, this conduct presents a potential conflict of interest which I now present to the court to investigate and review."

The district court forwarded the letter to Leon under the caption "Pro se Document." The district court's letter informed Leon: "The document has been filed in

2

the court file, but no hearings have been scheduled or further action will be taken at this time. . . . We await further direction from you as to how to proceed on this matter." The record does not show that a hearing on this pro se letter was ever held.

During the ensuing months, defense counsel obtained several continuances of the jury trial. On May 3, 2013, Rodriguez-Vargas filed a pro se motion to substitute counsel. In support of his motion, Rodriguez-Vargas complained of lack of communication with Leon, trial continuances obtained without his consent, and Leon's failure to file a motion for a bond modification. In response to this filing, the district court scheduled a hearing on the motion to substitute counsel for May 24, 2013. Of note, three days after the filing of the pro se motion to substitute counsel, on May 6, 2013, Leon filed a motion to reduce Rodriguez-Vargas' bond.

The record indicates the hearing on Rodriguez-Vargas' motion to substitute counsel was continued several times by the defense. Additionally, certain dates scheduled but later continued for the hearing on Rodriguez-Vargas' motion for substitute counsel corresponded to hearing dates that were also scheduled but continued to consider Rodriguez-Vargas' motion to reduce bond.

About a month after Rodriguez-Vargas filed his pro se motion to substitute counsel, on June 7, 2013, Rodriguez-Vargas and Leon signed a four page Defendant's Acknowledgment of Rights and Entry of Plea form. Additionally, on the same date, Rodriguez-Vargas, Leon, and the prosecutor signed a completed Plea Agreement form.

The Acknowledgment of Rights and Entry of Plea form set out in detail that Rodriguez-Vargas:

3

- had received a copy of the charging document and discussed it with his lawyer who had advised him about the charges and possible defenses and that Rodriguez-Vargas understood "what my lawyer has told me";
- had told his lawyer about the facts and circumstances known to him about the charges;
- had consented to his attorney engaging in plea negotiations;
- understood from discussions with his attorney that by entering pleas of guilty he was waiving 12 specific constitutional and/or statutory rights;
- understood that if he was not a United States citizen, that a conviction of a felony offense would most likely result in deportation; and
- understood that the decision to accept the plea agreement and plead guilty was his decision alone and was made after discussing potential defenses to the charges and his rights with his attorney.

Of particular relevance to this appeal, in the Acknowledgment of Rights and Entry of Plea form, Rodriguez-Vargas stated: "I believe that my lawyer has done a good job counseling and assisting me, and I am satisfied with the advice and help my lawyer has given me." Lastly, Rodriguez-Vargas stated that he had read the form and fully understood its contents.

The Entry of Plea form stated that Rodriguez-Vargas would plead guilty as charged to the crimes of aggravated battery and criminal discharge of a firearm. For its part, the State agreed that at time of sentencing it would join with Rodriguez-Vargas to recommend the "[h]igh number on each count in the appropriate sentencing guidelines grid box; [c]ounts concurrent; [c]ases consecutive to all others." Moreover, in addition to other lesser provisions, the parties agreed to recommend that the district court would not invoke the special sentencing rule for a person felony committed with a firearm and

4

recommend that the district court make departure findings and place Rodriguez-Vargas on probation with Community Corrections.

On June 7, 2013, at the plea hearing, the district court conducted a lengthy and detailed plea colloquy with Rodriguez-Vargas. At the outset, the district court received Rodriguez-Vargas' assurance that he understood all of his rights and options contained in the two forms that he signed. Relevant to this appeal are the following questions and answers:

"THE COURT: Besides what's actually contained in your plea agreement, have there been any other promises or threats of any kind made to you by anybody in order to get you to take this plea?

"THE INTERPRETER: No.

. . . .

"THE COURT: Mr. Leon is your attorney. I'm assuming he's been your attorney from early on in this case. Before today, have you had sufficient time to discuss with him to your satisfaction all of your legal rights and legal options in this case?

"THE INTERPRETER: Yes.

"THE COURT: Have you been satisfied with his services as your attorney up to this point in time?

"THE INTERPRETER: Yes.

"THE COURT: Have you been satisfied with the way the court system has treated you up to this point in time?

"THE INTERPRETER: Yes.

"THE COURT: Do you have any questions at all about any of the legal rights, choices, or options contained in either of these two written forms or any of the rights, choices, and options you and I have talked about on the record this morning?

"THE INTERPRETER: No.

"THE COURT: At this time do you feel you fully understand all the legal rights and options you have in this case?

"THE INTERPRETER: Yes.

5

"THE COURT: At this time do you feel you fully understand the consequences, including potential deportation, that can happen as a result of this plea and conviction?

"THE INTERPRETER: Yes.

"THE COURT: Knowing all this, is it still your actual desire to waive and give up your rights and enter this plea of guilty to these two charges?

"THE INTERPRETER: Yes."

Based in part on Rodriguez-Vargas' answers to the questions propounded by the district court, his pleas of guilty were found to be knowingly, intelligently, freely, and voluntarily made, which resulted in the district court finding him guilty as charged.

On September 6, 2013, the district court denied Rodriguez-Vargas' motion for substitute counsel, noting in a minute sheet that Rodriguez-Vargas had failed to appear for the hearing. From the limited record available to us, it is unclear what, if anything, occurred at this hearing or why Rodriguez-Vargas failed to appear.

Eleven days later, on September 17, 2013, Rodriguez-Vargas appeared in district court with Leon for sentencing. The district court followed the plea negotiations. Rodriguez-Vargas was sentenced to 69 months' imprisonment upon his conviction for aggravated battery and 13 months' imprisonment upon his conviction for criminal discharge of a firearm. The two sentences were to run concurrent with each other but consecutive to any other outstanding sentences. The district court granted Rodriguez-Vargas' motion for a dispositional departure and imposed a 36-month probation with Community Corrections. No appeal was taken by Rodriguez-Vargas from the convictions or sentences.

About one year later, on October 9, 2014, a probation violation warrant was filed and Rodriguez-Vargas was arrested on the warrant. At the probation violation hearing on June 11, 2015, Rodriguez-Vargas was found to have violated his probation by failing to obey the laws and failing to report to his intensive supervision officer. These violations

6

arose because "on 07/01/14 defendant was deported for his alleged illegal immigration status and as a result of violating federal laws." Rodriguez-Vargas' sentence was reduced to 32 months but he was ordered imprisoned. Rodriguez-Vargas did not appeal, but on June 30, 2015, he filed a handwritten motion to adjust the computation of his jail credits. The motion was granted in part and denied in part.

Two and a half years after sentencing, on February 4, 2016, Rodriguez-Vargas through his retained counsel, Charles A. O'Hara, filed the motion to withdraw plea which is the subject of this appeal. In particular, the motion cited K.S.A. 22-3210 and alleged that the district court should hear the untimely motion in order to correct manifest injustice. The motion asserted that Rodriguez-Vargas was "held in jail until he agreed to plea. At the same time he entered his plea he was allowed to bond out [on] his own signature. . . . The Defendant felt that the only way he could be released from custody was to enter a plea." Second, the motion also claimed there was an additional unwritten agreement that upon Rodriguez-Vargas' plea he would be immediately released from jail. Third, Rodriguez-Vargas asserted that he was never told that he must "withdraw his plea within the one (1) year limitation." Finally, the motion alleged: "The Defendant claims he was told by counsel he would not be deported (the defense recognizes the comments of the Court and counsel in the plea transcript)."

At the hearing on the motion to withdraw plea, Rodriguez-Vargas, with the assistance of a Spanish-speaking interpreter, was the only person to testify. According to Rodriguez-Vargas' counsel, Leon had not been subpoenaed to appear for the hearing. At the outset, although Rodriguez-Vargas testified that he confessed to the crimes and shot a person named Burra, he now stated that he did not commit the offenses for which he pled guilty. Instead, Rodriguez-Vargas testified that he entered the pleas because he was going to be released on bond, and he would not have pled guilty if he had not been released on bond. On cross-examination, however, Rodriguez-Vargas agreed with the prosecutor's

7

statement that he was released on bond awaiting sentencing in order to "show the judge that you could be in the community and not break the law."

Rodriguez-Vargas also agreed with the prosecutor that he wanted to withdraw his pleas because he did not want to "get in trouble with the federal government" and, again, that he "did it to get rid of this case because I am already in trouble with the government." This testimony was not explained; however, Rodriguez-Vargas indicated that at some time after his pleas he was deported, and the district court referenced the court file which confirmed that Rodriguez-Vargas' probation was violated upon his re-entry into the United States and his violation of federal law.

At the conclusion of the hearing, the district judge—who had also accepted Rodriguez-Vargas' plea, imposed sentence, and heard his probation violation—first held there was no excusable neglect shown to extend the one-year time limitation under K.S.A. 2016 Supp. 22-3210(e)(2). In addition, the district court found that Rodriguez-Vargas had not shown manifest injustice to withdraw the plea. The district court supported its legal conclusion by thoroughly detailing Rodriguez-Vargas' responses on the Acknowledgment of Rights form and the relevant parts of the plea colloquy. In particular, the district judge recalled that

> "since it was presumptive prison, since there has been a plea agreement for probation, there's no reason not to let him out of jail and put him on probation, which is exactly what I did. That was part of the plea agreement, but in my opinion, not the reason for the plea contrary to what Mr. Rodriquez has testified to."

In conclusion, the district judge found that

> "it does seem the main reason Mr. Rodriguez is wanting to withdraw the plea, is more to get rid of this case as an inconvenience, which it may cause complications to his federal

8

case. I don't understand how he comes to that conclusion. I don't understand the basis upon which he has that opinion, but that's apparently his opinion.

". . . I find the plea was knowingly, intelligently, freely, and voluntarily made.

"I find there was no coercion or manipulation of Mr. Rodriguez to do anything other than what he understandably, knowingly, and intelligently wanted to do."

Rodriguez-Vargas filed this appeal.

### DENIAL OF MOTION TO WITHDRAW PLEA

We begin our analysis by identifying what issues are not before our court on appeal. As detailed earlier, Rodriguez-Vargas made certain allegations in his motion to withdraw plea and at the hearing on the motion. These included that Rodriguez-Vargas felt the only way for him to be released from custody was to plead guilty, that he was released on a signature bond upon his plea due to an unwritten aspect of the plea agreement, that he was never told he must seek to withdraw his plea within a one-year time limitation, and that Leon advised him he would not be deported.

On appeal, however, Rodriguez-Vargas abandons these issues. Instead, for the first time on appeal, he "is asking this Court to find his plea should be withdrawn as a matter of law and that it was timely *for reasons not raised below*." (Emphasis added.)

As a general rule, an issue not briefed by the appellant is deemed waived or abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Moreover, to the extent the abandoned issues are raised incidentally in an appellate brief and not argued therein we also consider them abandoned. *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015). As candidly conceded by Rodriguez-Vargas, the issues that he presented in his motion, that he testified about during the evidentiary hearing, and were adversely ruled on by the district court have not been raised or briefed on appeal. Accordingly, because these issues are not before us on appeal, we will not consider them.

9

Next, we consider another procedural matter. The issues that Rodriguez-Vargas now raises on appeal were never presented to the district court. As Rodriguez-Vargas acknowledges: "The Defendant did not raise the issue regarding the trial court's failure to investigate and hear his pro se motions at his Motion to Withdraw Plea hearing." Moreover, as to Rodriguez-Vargas' second issue on appeal, he again admits that he "is asking this Court to find his plea should be withdrawn as a matter of law and that it was timely for reasons not raised below at the trial court level." For its part, the State objects to our consideration of these issues for the first time on appeal.

As a general rule, issues not raised before the district court may not be raised on appeal. *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Moreover, constitutional grounds for reversal that are asserted for the first time on appeal are not properly before the appellate court for review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). There are, however, exceptions to this rule. After citing to *Godfrey*, Rodriguez-Vargas claims that two exceptions apply to this case: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; and (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014).

Rodriguez-Vargas does not directly argue how either of these two exceptions apply to this case. Rodriguez-Vargas does state:

> "The Defendant asks this Court to find, as a matter of law, a plea may not be accepted when the court is aware of a pending motion in which a defendant alleges he has been denied his fundamental right to counsel without addressing the issues. The defendant believes this is a question of law and there are no genuine issues of facts material to the analysis. Further, the defendant believes this Court must address the issue as it is necessary to serve the ends of justice and it involves a fundamental right."

10

While a defendant's right to conflict-free counsel is a fundamental right, Rodriguez-Vargas does not explain how this issue arises on "proved or admitted facts and is determinative of the case." *Phillips*, 299 Kan. at 493. The record before us is bereft of essential facts, let alone proved or admitted facts. The record indicates that Rodriguez-Vargas' pro se motion was set for hearing and continued on several occasions by the defense until it was denied when Rodriguez-Vargas failed to appear for the hearing. Rodriguez-Vargas has not explained why his motion was repeatedly continued by the defense or why Rodriguez-Vargas did not appear at the final hearing which resulted in its dismissal. We are unwilling to speculate on these matters for the first time on appeal.

Moreover, Rodriguez-Vargas has failed to show the necessity for us to consider this matter in order to serve the ends of justice. As the State frames the issue, Rodriguez-Vargas "did not make the claim he does now below. Defendant admits that he is raising this issue for the first time on appeal. What he fails to acknowledge is that he had multiple opportunities to make this claim below, including at an evidentiary hearing, but he chose not to."

The State's argument has merit. Rodriguez-Vargas' pro se letter about a possible conflict was dated January 1, 2013. He pro se motion was filed on May 3, 2013. Yet, one month later, at the time of his pleas, Rodriguez-Vargas filed with the district court his acknowledgment of rights that stated: "I believe that my lawyer has done a good job counseling and assisting me, and I am satisfied with the advice and help my lawyer has given me." This written acknowledgment of his attorney's effective assistance was also bolstered by Rodriguez-Vargas' acknowledgment in district court that he had sufficient time to discuss with Leon all of his legal rights and options in this case and he was satisfied with Leon's services as his attorney. Of note, Rodriguez-Vargas did not appeal from his guilty pleas or sentencing.

11

More than three years after Rodriguez-Vargas' original correspondence with the district court, he filed the motion to withdraw his pleas which is the subject of this appeal, and *still* did not raise the Sixth Amendment issue of which he now complains for the first time on appeal. Moreover, during the evidentiary hearing—which provided an excellent opportunity to establish the necessary facts to support a Sixth Amendment claim—Rodriguez-Vargas did not complain about the district court's failure to consider his pro se letter or motion or conflicts he had with Leon. Inexplicably, Leon was not even subpoenaed to testify.

It is an undisputed fact that it was not until October 17, 2016, with the filing of Rodriguez-Vargas' appellate brief, that he first complained of the district court's alleged failure to address his concerns about Leon's representation. Given this record, we are convinced that Rodriguez-Vargas has not shown that either of the two exceptions to the general rule that an appellate court will not consider a constitutional issue for the first time on appeal is applicable. Rodriguez-Vargas had numerous opportunities to raise the issues he now raises on appeal, yet he did not pursue them.

Finally, upon hearing Rodriguez-Vargas' testimony at the evidentiary hearing on his motion to withdraw plea, the district judge concluded that

> "it does seem the main reason Mr. Rodriguez is wanting to withdraw the plea, is more to get rid of this case as an inconvenience, which may cause complications to his federal case. I don't understand how he comes to that conclusion. I don't understand the basis upon which he has that opinion, but that's apparently his opinion."

There is nothing in the record to suggest that in the district court Rodriguez-Vargas ever objected to the denial of his pro se motion or that this adverse ruling was the reason he sought to withdraw his pleas.

12

Given this factual and procedural context we are not persuaded that consideration of Rodriguez-Vargas' new issues on an undeveloped factual record is necessary to serve the ends of justice. Moreover, although Rodriguez-Vargas argues in the alternative that we should remand this case to the district court in order that he can develop the necessary legal and factual matters, we know of no precedent that would allow this repetitive procedure. The issues Rodriguez-Vargas raise for the first time on appeal are not properly before us for review.

In addition to our finding that Rodriguez-Vargas has not met the essential procedural requirements on appeal, for the sake of completeness, we also find the district court did not err in denying Rodriguez-Vargas' motion because it was not timely as required by K.S.A. 2016 Supp. 22-3210(e)(1)(A).

Appellate courts review a district court's decision to dismiss a motion to withdraw plea for abuse of discretion. *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016). A district court's decision constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the court; (2) it is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

A motion to withdraw a guilty plea that is filed after sentencing is subject to a manifest injustice standard. K.S.A. 2016 Supp. 22-3210(d)(2) ("To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."). In addition, K.S.A. 2016 Supp. 22-3210(e)(1)(A) provides that such a motion must be brought within one year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." However, this one-year time limitation "may

13

be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2016 Supp. 22-3210(e)(2).

At the conclusion of the hearing on Rodriguez-Vargas' motion to withdraw plea, the district court ruled the motion was untimely and that no excusable neglect had been shown to permit an extension of this one-year time limitation.

In his brief, Rodriguez-Vargas acknowledges he did not file his brief within one year of his September 17, 2013 sentencing date. In fact, Rodriguez-Vargas filed his motion to withdraw plea over two and a half years later, on February 4, 2016, well beyond the one-year time limitation. Nevertheless, he argues this delay was the result of excusable neglect.

Panels of this court have relied upon Black's Law Dictionary to define excusable neglect. See *State v. Phol*, No. 109,964, 2014 WL 2225354, at *2 (Kan. App. 2014) (unpublished opinion), *rev. denied* 301 Kan. 1051 (2015). For its part, Black's Law Dictionary defines "excusable neglect" as:

> "A failure—which the law will excuse—to take some proper step at the proper time (esp. in neglecting to answer a lawsuit) not because of the party's own carelessness, inattention, or willful disregard of the court's process, but because of some unexpected or unavoidable hindrance or accident or because of reliance on the care and vigilance of the party's counsel or on a promise made by the adverse party." Black's Law Dictionary 1133 (9th ed. 2009).

In the district court, Rodriguez-Vargas did not establish any reason why excusable neglect prevented him from timely filing his motion. On appeal, he states:

> "The defendant asks this Court to find, as a matter of law, there is excusable neglect in this case. It simply is unseemly to impose upon any defendant who filed two

14

pro se motions for new counsel, which were never heard or investigated, a duty to file a motion to withdraw plea within a year."

Rodriguez-Vargas provides no legal authority for this contention.

As discussed earlier, Rodriguez-Vargas had numerous opportunities to file pleadings, in a timely manner, complaining about the district court's alleged error in failing to investigate his complaints about Leon's representation. Prior to filing his appellate brief, there is nothing in the record to suggest that Rodriguez-Vargas wished to withdraw his pleas on this basis. Moreover, only about one month after the filing of his pro se motion, Rodriguez-Vargas' written and spoken remarks to the district court indicated that he was satisfied with Leon's representation. Taken together, this record would support an inference that the reason Rodriguez-Vargas did not file a motion to withdraw plea within one year was not due to excusable neglect, but because Rodriguez-Vargas was satisfied with Leon's representation. Rodriguez-Vargas has failed to show that the district court abused its discretion when it found his motion was untimely filed and there was no excusable neglect to merit an extension of the one-year time limitation.

Affirmed.