IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 109,778

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER DAVISSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, an appellate court reviews for abuse of discretion a district court decision to deny a postsentence motion to withdraw plea under K.S.A. 2015 Supp. 22-3210(d)(2).

2.

Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.

3.

The movant bears the burden to prove the district court abused its discretion in denying the motion to withdraw plea.

1

4.

K.S.A. 2015 Supp. 22-3210(e)(1) requires that a motion to withdraw plea be brought within 1 year of: (A) the final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a petition for a writ of certiorari to the United States Supreme Court or issuance of such Court's final order following the granting of such petition.

5.

The 1-year limit for filing a motion to withdraw plea, found in K.S.A. 2015 Supp. 22-3210(e)(1), began to run for preexisting claims on the date the amended statute became effective: April 16, 2009.

6.

K.S.A. 2015 Supp. 22-3210(e)(2) provides the time limit for filing a motion to withdraw plea may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant.

7.

Under the circumstances of this case, defendant's ignorance of the law was insufficient to show excusable neglect that would justify the late filing of his motion to withdraw plea.

Appeal from Neosho District Court; DARYL D. AHLQUIST, judge. Opinion filed March 25, 2016. Affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Linus A. Thuston*, county attorney, argued the cause, and *Derek Schmidt*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

NUSS, C.J.:  Christopher Davisson appeals from the district court's dismissal of his motion to withdraw his guilty plea as untimely under K.S.A. 2015 Supp. 22-3210(d). We affirm the court's dismissal because Davisson failed to establish excusable neglect that would justify the late filing of his motion.

## FACTS AND PROCEDURAL BACKGROUND

In November 2000, Davisson pled guilty to felony murder, aggravated kidnapping, and aggravated robbery. In February 2001, the district court sentenced him to 20 years to life for felony murder, 246 months for aggravated kidnapping, and 61 months for aggravated robbery, with all sentences to run consecutively.

In May 2011, more than 10 years after Davisson entered his guilty plea, he filed a motion to withdraw it under K.S.A. 2010 Supp. 22-3210(d). The State responded that his motion was untimely. (For Convenience, throughout this opinion we will refer to the current statute as it appears in the 2015 Supp., which is identical in wording to the 2010 Supp. in effect in May 2011.)

The parties stipulated to bifurcated hearings, the first to address whether excusable neglect could be shown to justify the lateness of Davisson's motion under K.S.A. 2015 Supp. 22-3210(e)(2), and the second to address whether his motion was meritorious if excusable neglect were found to exist. At the evidentiary hearing on excusable neglect, Davisson testified that during his incarceration he had access to a law library staffed by two library workers who would pull materials for inmates. He also testified he was

3

familiar with the process for requesting prison library access. But he claimed accessing the library was a "long process" and the resources were "inadequate." He further testified he did not have access to an attorney or computerized legal research, *e.g.*, LexisNexis or Westlaw.

According to Davisson's testimony, he did not know about the possibility of withdrawing his guilty plea until he overheard two other inmates discussing the topic a few months prior to filing his motion. Davisson then received help from a prison "legal guy" in preparing and filing the motion. The record does not reveal if this person was a prison employee or another inmate. Davisson also testified he had no knowledge of the 1-year time limit for filing his withdrawal motion until he submitted his motion to the district court. See K.S.A. 2015 Supp. 22-3210(e)(1).

The district court essentially found Davisson's lack of knowledge of the plea withdrawal statute did not constitute excusable neglect. The court reasoned that Davisson's alleged grounds were not specific to him but a complaint common to almost all inmates in the Department of Corrections. It concluded that lack of access to legal authority was unrelated to the timing of his motion. Because of Davisson's late filing and his failure to show excusable neglect, the district court dismissed his motion without considering the merits.

Davisson timely appealed. Our jurisdiction is proper under K.S.A. 2015 Supp. 22-3601(b)(3) (maximum sentence of life imprisonment imposed).

More facts will be added as necessary to the analysis.

ANALYSIS

Issue: *The district court did not abuse its discretion by concluding Davisson did not establish excusable neglect for the untimely filing of his motion to withdraw his guilty plea.*

*Standard of review*

A motion to withdraw a guilty plea that is filed after sentencing is subject to a manifest injustice standard. K.S.A. 2015 Supp. 22-3210(d)(2) ("To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."). An appellate court reviews a district court's dismissal of such a postsentence motion for abuse of discretion. *Cf. State v. Szczygiel*, 294 Kan. 642, 643, 279 P.3d 700 (2012) (*denial* of motion to withdraw plea reviewed for abuse of discretion). Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 (2012). The movant bears the burden to prove the district court abused its discretion in dismissing the motion. *Cf. State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011) (movant's burden to prove abuse of discretion in *denial* of motion to withdraw plea).

In Davisson's brief, he contends this court should determine whether the discretion of the district court was guided by erroneous legal conclusions—*i.e.*, whether it was based on an error of law. At oral argument, however, Davisson contended the particular test to be applied under our circumstances for abuse of discretion—whether the district court decision was based on an error of law, or fact, or when no reasonable person would

agree with the decision—is unclear. According to Davisson, the confusion exists because this court has not yet defined what constitutes "excusable neglect" under K.S.A. 2015 Supp. 22-3210(e)(2) to permit a late filing. The State responds that the standard of our review is whether no reasonable person would take the view adopted by the district court.

*Discussion*

K.S.A. 2015 Supp. 22-3210(e)(1) provides that any action under subsection (d)(2) to withdraw a plea must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction" or "the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." However, subsection (e)(2) of K.S.A. 2015 Supp. 22-3210 provides this time limit "may be extended by the court only upon an additional, affirmative showing of excusable neglect by the defendant."

The legislature added the 1-year time limit under subsection (e)(1) in 2009. L. 2009, ch. 61, sec. 1. But this addition failed to address preexisting claims—*i.e.*, any plea withdrawal motions yet to be made by defendants who were sentenced prior to the enactment of the time limitation. See *Szczygiel*, 294 Kan. at 644. In *Szczygiel*, we held that a 1-year grace period applies to those preexisting claims. 294 Kan. at 643-44. In short, defendants with preexisting claims had until April 16, 2010—1 year after the statutory addition became effective—to file a motion to withdraw plea. *State v. Moses*, 296 Kan. 1126, 1128, 297 P.3d 1174 (2013).

In the present case, Davisson did not file his motion until May 10, 2011, nearly 13 months beyond the *Moses* deadline. Accordingly, whether the district court could consider the possible merits of his motion depended upon whether he could meet his

6

burden of showing excusable neglect for his late filing. See K.S.A. 2015 Supp. 22-3210(e)(2) (extension requires "affirmative showing of excusable neglect by the defendant"); see also *Canaan v. Bartee*, 272 Kan. 720, 733, 35 P.3d 841 (2001) (party claiming excusable neglect under K.S.A. 60-260[b][1] has burden to plead and prove its claim).

In support of Davisson's assertion that the district court abused its discretion in denying his motion to withdraw plea, he broadly contends that "lack of knowledge of a course of action is an excuse for the neglect of that action." So he argues that instead of procedurally barring the motion, the district court should have heard it on the merits, *e.g.*, whether the search of his vehicle was unlawful.

The State counters that ignorance of the law does not usually constitute excusable neglect. It also argues that Davisson could have sought information about his options for postconviction relief by accessing the law library or contacting trial counsel or another attorney. The State further notes that Davisson's criminal history suggests he has some knowledge of the criminal justice system and its processes. Among other things, he had five juvenile felony adjudications and five adult felony convictions between 1989 and 1995. He also was incarcerated with the Department of Corrections on four different occasions with the most recent one ending in September 1998—2 years before entering his guilty plea in the present case.

Finally, the State points out Davisson wrote letters to the Clerk of the District Court of Neosho County in 2007 requesting information about his case and to Judge Timothy E. Brazil of that court in 2008 requesting copies of certain pleadings in his case. The State argues this correspondence shows Davisson had opportunities to ask about further steps he could take regarding his case.

7

With this background, we now examine what constitutes excusable neglect under K.S.A. 2015 Supp. 22-3210(e)(2). This is an issue of first impression for this court.

During oral arguments Davisson's counsel asked this court to consider the particular circumstances of his case and to make an equitable determination to find excusable neglect so he could proceed to the merits of his motion to withdraw his plea. As support, she primarily relied upon *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993), to argue that excusable neglect was a somewhat elastic concept under Federal Rule of Civil Procedure 6(b). There, respondents filed their bankruptcy proofs of claim 20 days after the bar date along with a motion requesting that the court permit the late filing under the Federal Rule of Bankruptcy Procedure 9006(b)(1) which permits an extension when failure to timely file was the result of excusable neglect.

In recognizing the elasticity of the concept, the Supreme Court observed that excusable neglect is not limited strictly to omissions caused by circumstances beyond the control of the movant. But the Court also acknowledged that "ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." 507 U.S. at 392.

In opposing Davisson's arguments, the State first emphasizes the basic rationale underlying *Pioneer Investment Services Co.*'s acknowledgment, *i.e.*, "ignorance of [the] law excuses no one." *School District v. State*, 29 Kan. 57, 67 (1882); see also *State ex rel. Murray v. Palmgren*, 231 Kan. 524, 536, 646 P.2d 1091 (1982) ("'[i]gnorance of the law is no excuse'" is an "ancient maxim").

We find valuable guidance in a decision from this court applying this maxim to a defendant's motion to withdraw a guilty plea: *State v. Woodward*, 288 Kan. 297, 202

8

P.3d 15 (2009). There, similar to Davisson, the defendant pled guilty to felony murder, kidnapping, and other crimes. He was sentenced to a controlling sentence of life, plus an additional 30 years to life. Sixteen years later, while an inmate, he moved to vacate his guilty pleas under K.S.A. 22-3210(d) and altogether dismiss his indictment based on "'newly discovered evidence.'" 288 Kan. at 304.

According to the defendant's pro se supplemental appellate brief, the new "evidence" was his recent discovery of K.S.A. 22-2910. At the time Woodward entered his plea in 1991, this statute provided that defendants were not required to plead to criminal charges as a condition for diversion—which Woodward claimed he essentially had done by providing incriminating information "'under the promise of a proposed diversion.'" 288 Kan. at 303. The statute prohibited evidentiary use of his statements made during diversion discussions. But the State allegedly used them to charge him and provide the factual basis for his guilty pleas. Like Davisson, however, Woodward's motion to withdraw his guilty plea was denied by the district court.

When Woodward appealed the denial of his motion to this court, we readily rejected his "newly discovered statute" argument as constituting postsentence manifest injustice for withdrawing his plea under K.S.A. 22-3210. As support, we stated:  "The maxim that ignorance of the law is no excuse is well established, longstanding, and widely known." 288 Kan. at 304. Based upon *Woodward*'s holding and underlying rationale, Davisson's argument that he only recently discovered K.S.A. 2015 Supp. 22-3210 is similarly unconvincing. In *Woodward* we rejected the defendant's use of his newly found statutory grounds in support of his motion to withdraw his plea, while here we simply reject the defendant's untimely use of his newly found statutory right to file the motion.

Authority from other jurisdictions also supports the basic proposition that ignorance of the law should not constitute excusable neglect for inmates or criminal defendants under K.S.A. 2015 Supp. 22-3210(e)(2). See, *e.g.*, *Klein v. Neal*, 45 F.3d 1395, 1397 n.2 (10th Cir. 1995) (even though petitioner in postconviction collateral attack was pro se inmate, court held "ignorance of the statute's existence insufficient to constitute excusable neglect" to extend time limit on untimely filed petition); *United States v. Gibson*, 832 F. Supp. 324, 327 (D. Kan. 1993) (finding late filing of pro se criminal appeal not due to excusable neglect because "ignorance of the law or unfamiliarity with the federal rules will almost invariably fall short of excusable neglect"); see also *United States v. Madrid*, 633 F.3d 1222, 1227-28 (10th Cir. 2011) (district court abused its discretion in finding excusable neglect based upon defense counsel's erroneous belief that he had 30 days in which to file notice of criminal appeal); *State v. Murray*, 162 N.J. 240, 246, 744 A.2d 131 (2000) (postconviction relief petition filed after 5-year time limit was not supported by excusable neglect when criminal defendant asserted he lacked sophistication in the law).

Similarly, in the civil arena in Kansas, K.S.A. 2015 Supp. 60-260(b)(1) allows a court to give relief from a final judgment, order, or proceeding because of excusable neglect, among other grounds. We have noted that in this context excusable neglect "implies something more than the unintentional inadvertence or neglect common to all who share the ordinary frailties of mankind." *Montez v. Tonkawa Village Apartments*, 215 Kan. 59, 65, 523 P.2d 351 (1974); see also *Tyler v. Cowen Construction, Inc.*, 216 Kan. 401, 407-09, 532 P.2d 1276 (1975) ("[i]nadvertent neglect . . . is not to be equated with excusable neglect").

We recently made clear that "ignorance of the rules does not constitute excusable neglect under" K.S.A. 2015 Supp. 60-260(b)(1). *State v. Buser*, No. 105,982 (order dated September 25, 2015) (unpublished); see also, *e.g.*, *Pogia v. Ramos,* 10 Hawaii App. 411,

10

416, 876 P.2d 1342 (1994) ("'Ignorance of court rules does not constitute excusable neglect.'") (quoting *Swimmer v. I. R. S.*, 811 F.2d 1343, 1345 [9th Cir. 1987]); *Whitefish Credit Union v. Sherman*, 367 Mont. 103, 109, 289 P.3d 174 (2012) ("Excusable neglect requires some justification for an error beyond mere carelessness or ignorance of the law on the part of the litigant or his attorney.").

Davisson offers no other argument for why the late filing of his motion is justified by excusable neglect. He only argues he did not know about the option to withdraw his guilty plea or its statutory deadline—*i.e.*, that he was ignorant of the law.

Accordingly, we hold the district court correctly ruled that Davisson had not established the requisite grounds for allowing his late withdrawal motion to be considered on the merits under K.S.A. 2015 Supp. 22-3210(e)(2). Simply put, the court was correct to hold that under the circumstances of this case there was no excusable neglect; Davisson's ignorance of the law was insufficient. Thus there is no abuse of discretion. See *Beaman*, 295 Kan. at 865 (abuse when discretion guided by erroneous legal conclusion). The court correctly dismissed Davisson's motion as untimely and correctly declined to consider its merits.

Accordingly, the decision of the district court is affirmed.