NOT DESIGNATED FOR PUBLICATION

No. 118,079

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLY J. POLZIN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed May 11, 2018. Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, senior assistant district attorney, *Keith Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., PIERRON and STANDRIDGE, JJ.

PER CURIAM: Kelly Polzin appeals the revocation of his probation.

On July 13, 2015, the State charged Polzin with possession of methamphetamine, criminal use of explosives, possession of marijuana, and possession of drug paraphernalia. As per a plea agreement, Polzin pled guilty to possession of methamphetamine and possession of marijuana on November 4, 2016. The district court found the plea was freely, voluntarily, and intelligently made and found Polzin guilty of the offenses. The State dismissed the remaining two counts.

1

At the sentencing hearing, on January 13, 2017, Polzin agreed that his criminal history score was A and then argued his motion for a dispositional departure. He stated he had struggled for a long time with substance abuse issues. Nevertheless, he had been reporting on a biweekly basis to probation in another county, showing that he could maintain on probation. He further pointed out that even though he had a substantial criminal history, many of the charges had occurred between 1997 and 2003. Polzin further asserted that while he was not eligible for SB 123 treatment because of his criminal history score, treatment was available in the community and he was willing to complete any treatment recommended through community corrections. The State noted the standard sentence for his possession of methamphetamine charge was 40 months in the custody of the secretary of corrections. However, the State recommended that the court sentence Polzin to 12 months in the department of corrections with 12 months of postrelease supervision.

The district court sentenced Polzin to the custody of the secretary of corrections for 40 months for count 1 and 12 months in the Reno County Detention Center for count 2. The court then granted his dispositional departure motion. The court expressed concern about offenders who regularly go through the system because of substance abuse issues. It pointed out that Polzin not only had issues with illegal substances, but he also had an anger issue he needed to work on, specifically that he tended to get involved in disturbances with law enforcement. The court warned Polzin that he needed to "decide at 36 years of age you're going to deal with your drug problem and you're not going to get involved with assaults with law enforcement officers or I will see that you don't do it for a period of 40 months."

Polzin signed the order of intensive supervision probation that same day, agreeing to all conditions of probation. His conditions included one special condition stating that any use of alcohol or illegal use of a controlled substance would result in either a three-

day sanction or a revocation hearing. On March 17, 2017, Polzin admitted to using methamphetamine on March 2 and 9, 2017. As a result, he served a three-day sanction in the Reno County Detention Center from March 17 to March 20, 2017.

One month later, the State filed a motion to revoke Polzin's probation based on his previous probation violation for which he had been sanctioned and allegations that on April 15, 2017, he had committed a new offense. He had been arrested for criminal threat and disorderly conduct in Hoisington, where he resided. An order to arrest and detain was issued and he was subsequently arrested on April 18, 2017.

On April 21, 2017, Polzin admitted to his prior methamphetamine use but not to the allegations that he had committed a new offense. The State confirmed that charges were pending in Barton County for disorderly conduct, assault on a law enforcement officer, and two counts of criminal threat.

The district court heard the State's motion to revoke Polzin's probation on June 22, 2017. Hoisington Police Officer Chelsey Hachmeister testified that on April 15, 2017, she had stopped Polzin for driving outside of the lanes on the roadway and speeding. Later in the evening, she was dispatched to his house after the police department received complaints about his driving. When Hachmeister arrived, Polzin was on the west side of the residence, holding a hatchet. She ordered him to put the hatchet down several times, but he refused. Eventually, Polzin put down the hatchet by his feet, but he refused to step away from it. Hoisington Police Chief Kenton Doze retrieved the hatchet and Hachmeister believed he took it into Polzin's house. Polzin began yelling that Doze had stolen his hatchet and he wanted to press charges. He became increasingly agitated. His volume rose with his level of agitation. Polzin also began bowing his chest out and making aggressive movements, though he never made any violent gestures toward the officers. Hachmeister arrested Polzin for disorderly conduct. As Hachmeister transported Polzin to the Barton County Detention Center, Polzin threatened to shoot officers from

3

the Hoisington Police Department and the Barton County Sheriff's Department if they showed up at his house again. He specifically threatened to shoot Captain Josh Nickerson and Chief Doze if they came to his house. Hachmeister took his threats seriously and prepared an affidavit, submitting it to the Barton County Attorney's Office for possible charges.

Reno County Community Corrections Intensive Supervision Officer Brenda Hadley testified about some alarming statements Polzin had made to her. Because Polzin lived in Barton County, Hadley completed an evaluation on him, but Polzin reported to the Barton County Community Corrections office for courtesy supervision. Hadley reported that while conducting the evaluation with Polzin, he reported that he often thought of suicide. He could not go through with it because of his grandmother. However, if he ever decided to commit suicide, it would be suicide by cop.

Following his three-day jail sanction, Polzin informed her that the next time he would "be an issue with law enforcement." Following his arrest in April, Barton County Community Corrections terminated their courtesy supervision. The Reno County Community Corrections officers staffed Polzin's case and determined that he posed too great of a safety risk if he reported to the office. Instead, they placed his case on call-in supervision status until the revocation hearing.

Finding Hachmeister credible, the district court found the State had established, by a preponderance of the evidence, that Polzin had violated his terms of probation by the threatening statements made on April 15, 2017. The court further noted it had previously granted Polzin a dispositional departure and, at the sentencing hearing, it had explained the consequences of violating the conditions of his probation. It further noted that Polzin had violated the terms within three months of beginning probation. Though Polzin characterized his threats as him just "running off at the mouth" as he does when he is upset, the court stated,

4

"This is not a question of someone being drunk or intoxicated or running off at the mouth, not when you have a prior conviction of criminal threat, attempted battery of a law enforcement officer, attempted battery of a law enforcement officer, battery of a law enforcement officer, and assault of a law enforcement officer plus numerous other convictions."

The district court revoked Polzin's probation and imposed his 40-month sentence with the Kansas Department of Corrections. Polzin appeals the revocation of his probation.

Revocation determinations typically involve a retrospective factual question of whether a probationer violated a condition of probation and a discretionary determination of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (citing *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]). Revocation determinations rest within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016). A district court acts arbitrarily, fancifully, or unreasonably when it adopts a view that no reasonable person would adopt. *Davisson*, 303 Kan. at 1065. The movant bears the burden of proving the abuse of discretion. 303 Kan. at 1065. Whether a district court properly imposed a sentence after a probation revocation is a question of law, over which this court exercises de novo review. *McFeeters*, 52 Kan. App. 2d at 47-48.

Here, the district court marked on the journal entry that it revoked Polzin's probation under K.S.A. 2016 Supp. 22-3716(c)(9), for public safety or offender welfare. The court's written explanation was, "[a]fter an evidentiary hearing, the court finds [Polzin] did not remain a law abiding citizen based on a preponderance of evidence." The

5

court's explanation is more in line with K.S.A. 2016 Supp. 22-3716(c)(8)(A), which grants courts the authority to revoke probation without use of graduated sanctions when a probationer commits a new criminal offense. However, the court provided findings for revocation under K.S.A. 2016 Supp. 22-3716(c)(8)(A) and (c)(9) at the revocation hearing. Under K.S.A. 2016 Supp. 22-3716(c)(9), the court may revoke an offender's probation without use of graduated sanctions if the court sets forth with particularity the reasons for finding that such sanctions would jeopardize the safety of the community or would be contrary to the offender's welfare.

Polzin concedes the State presented sufficient evidence to show he had committed criminal threat while he was on probation, but he contends the circumstances surrounding the criminal threat were unique, making the district court's revocation determination unreasonable. Polzin asserts that because the officers provoked him into committing his new offense by responding to his house, rather than him going out with the intentions of committing a crime, his situation was unlike typical criminal behavior. His frustration from being arrested and his belief that Chief Doze had stolen his hatchet motivated his crime. Polzin does not dispute the court's authority to revoke his probation, but he asserts the decision was unreasonable in light of the circumstances.

Polzin's concession that the evidence showed, by a preponderance of the evidence, that he had committed a new offense while on probation is sufficient for revocation. Upon finding that an offender committed a new offense, no additional findings or consideration are required of the court and a revocation determination is reasonable. Therefore, the district court's revocation was reasonable under K.S.A. 2016 Supp. 22-3716(c)(8)(A). The court did not abuse its discretion.

But, Polzin appears to challenge his probation revocation by claiming he was not a threat to the safety of the members of the public. Polzin's assertion that he only committed criminal threat because the officers responded to his residence hinges on a

premise that he can determine when law enforcement is permitted to make contact with him. The officers responded to a complaint about Polzin's erratic driving and were dispatched to his residence. This is not a unique situation. The fact that he did not seek out criminal activity does not change the fact that he behaved criminally. The district court had the foresight, in sentencing, to address Polzin's habit of getting involved in assaults with law enforcement and warned him that if he continued, the court would impose his sentence.

Under K.S.A. 2016 Supp. 22-3716(c)(9), the district court must make findings, with particularity, that an offender presents a threat to the safety of the community. To be "set forth with particularity," the findings must be distinct, not general, and must detail the concern for the public. *McFeeters*, 52 Kan. App. 2d at 48. The court provided sufficient findings under K.S.A. 2016 Supp. 22-3716(c)(9). Despite Polzin's assertion that he was just "running off at the mouth," the court expressed that it could not take his threats as empty words when observing the big picture. Given Polzin's criminal history, which included attempted batteries against a law enforcement officer, battery against a law enforcement officer, and assault against a law enforcement officer, the court found it reasonable to believe that further threats would lead to further actions. The district court sufficiently set forth, with particularity, the reasons that Polzin's continued probation jeopardized the safety of members of the community, specifically law enforcement officers.

Affirmed.