NOT DESIGNATED FOR PUBLICATION

Nos. 118,006
118,007
118,008

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COURTNEY CHRISANN CANNICI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Crawford District Court; KURTIS I. LOY, judge. Opinion filed June 29, 2018. Affirmed.

*Charles A. O'Hara*, of O'Hara & O'Hara LLC, of Wichita, for appellant.

*Michael Gayoso, Jr.*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MCANANY and BRUNS, JJ.

PER CURIAM: Courtney Cannici appeals from the district court's denial of her postsentencing motions to withdraw her pleas in three separate cases that are consolidated on appeal. Cannici argues that she did not knowingly waive her right to a jury trial in the three cases because she did not understand her rights. As the district court provided a detailed explanation of her rights—including the right to a jury trial—at the plea hearings and as Cannici repeatedly told the district court—both in writing and orally—that she understood her rights, we conclude that she has failed to demonstrate a manifest injustice that would justify withdrawing her pleas. Thus, we affirm the district court.

1

The State charged Cannici in case No. 15 CR 97-P with domestic violence and in case No. 15 CR 98-P with criminal threat. Both charges arose out of a March 2015 incident involving Cannici's mother. On June 30, 2015, the district court consolidated both cases into 15 CR 98-P and held a plea hearing for both cases. At the plea hearing, the district court advised Cannici of her rights and there was a detailed colloquy about her understanding of the charges, the potential sentences she faced, the rights she would give up by pleading to the charges, and her competency to make a knowing and voluntary plea. Cannici pleaded no contest, the district court accepted the plea, and found her guilty of criminal threat and of domestic battery.

The State subsequently charged Cannici in case No. 15 CR 218-P with use of a communication facility for a drug transaction. While released from jail awaiting trial, Cannici allegedly violated an order requiring her to have no contact with her mother. A law enforcement officer stopped Cannici driving near her mother's house and found suspected illegal drugs and drug paraphernalia in her possession. As a result of this incident, the State charged Cannici in case No. 15 CR 295-P with possession of methamphetamine and possession of drug paraphernalia.

On January 19, 2016, Cannici filed a petition to enter plea agreement in case No. 15 CR 218-P and case No. 15 CR 295-P. In the petition, Cannici acknowledged that she understood the rights she would be waiving by entering a plea to the charges. As part of the plea agreement, Cannici agreed to plead guilty to use of a communication facility for a drug transaction and to possession of methamphetamine in exchange for the State dismissing the possession of drug paraphernalia charge. The State also agreed to seek a dispositional departure to community corrections in these cases as well as in case No. 15 CR 98-P.

The same day, the district court held a plea hearing in case No. 15 CR 218-P and case No. 15 CR 295-P. The district court again explained Cannici's rights to her and held a detailed colloquy with her to make sure that she understood those rights. Cannici indicated that she understood her rights and was knowingly waiving them. She then entered guilty pleas in both cases. The district court accepted her pleas, dismissed the possession of drug paraphernalia charge, and found her guilty of use of a communication facility for a drug transaction and of possession of methamphetamine.

On March 22, 2016, the district court sentenced Cannici in case No. 15 CR 98-P, case No. 218-P, and case No. 15 CR 295-P. The district court sentenced Cannici to an underlying prison sentence of 59 months to run consecutive to a sentence in another case that is not part of this appeal. However, the district court suspended the sentence and placed her on probation under the supervision of community corrections. Unfortunately, Cannici violated the conditions of her probation. Accordingly, at a hearing held on August 23, 2016, the district court revoked Cannici's probation and ordered her to serve her underlying sentence.

On March 17, 2017, Cannici moved to withdraw her pleas in case No. 15 CR 98-P, case No. 15 CR 218-P, and case No. 15 CR 295-P. At a hearing held on May 3, 2017, Cannici testified that she did not understand her right to a jury trial and that her attorneys failed to explain the significance of a jury trial to her before entering pleas in these cases. After hearing the testimony, the arguments of the attorneys, and reviewing the transcripts from the plea hearings, the district court denied Cannici's motion to withdraw her pleas.

ANALYSIS

On appeal, Cannici contends that the district court should have let her withdraw her pleas in the three criminal cases after sentencing because she did not know what a jury trial was or how many people serve on a jury. The State contends that the district

3

court did not err in denying the motion. It points out that when Cannici entered her pleas, she acknowledged to the district court that she understood the rights she was waiving. The State also argues that the district court met the requirements of the United States Constitution to inform defendants of their rights and to determine if they understand those rights.

Because Cannici filed her motion to withdraw pleas after her sentencing in each of the cases that are the subject of this appeal, we apply a manifest injustice standard. Specifically, K.S.A. 2016 Supp. 22-3210(d)(2) states: "To correct *manifest injustice* the court after sentence *may* set aside the judgment of conviction and permit the defendant to withdraw the plea." (Emphasis added.) Accordingly, we review the district court's denial of Cannici's postsentence motion to withdraw pleas for abuse of discretion. See *State v. Davisson*, 303 Kan. 1062, 1064, 370 P.3d 423 (2016).

The movant—in this case Cannici—bears the burden to prove the district court abused its discretion in dismissing the motion. *Davisson*, 303 Kan. at 1065. To establish an abuse of discretion, the movant must show that the action taken by the district court was (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 (2012). "A district court's factual findings are reviewed for substantial competent evidence." *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). Moreover, in deciding whether a district court abused its discretion, we "do not reweigh the evidence or assess witness credibility." 291 Kan. at 855.

In considering whether a defendant has established manifest justice to withdraw a plea, Kansas courts generally consider what have become known as the *Edgar* factors: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" *State v. Johnson*, 307 Kan. 436,

4

443, 410 P.3d 913 (2018) (quoting *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). "All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010).

In this case, Cannici does not contend that incompetent counsel represented her or that she was misled, coerced, or treated unfairly in entering her pleas. Instead, Cannici relies on the third *Edgar* factor—claiming that her pleas were not understandingly made. Specifically, that she did not fully understand her right to a jury trial. However, the record reflects that Cannici repeatedly represented—both orally and in writing—that she understood and waived her right to a jury trial in each of her cases.

The district court concluded that Cannici sufficiently understood her rights when she entered her pleas and that she failed to indicate that she had any confusion. The record supports these conclusions. Cannici received a clear description of her rights at her plea hearings. She also affirmed that she understood her right to a jury trial in writing prior to the plea hearing held on January 19, 2016.

A review of the record from the plea hearing held on June 30, 2015, reveals that the district court explained that Cannici that she had a right to a jury trial, which included:

- the right to testify or not testify on her behalf,
- the right to subpoena witnesses,
- the right to be represented by an attorney at all stages of the trial,
- the right to require the State to prove all charges beyond a reasonable doubt,

5

- the right to confront her accusers, which included the right to cross-examine any witnesses against her in the pending matter,
- the right to appeal any convictions from the trial, and
- the presumption of innocence.

After describing these rights, the district court asked Cannici, "Do you understand each of those rights and that you are waiving those rights?" Cannici responded, "You're your honor." Likewise, a review of the record from the plea hearing held on January 19, 2016, reveals that the district court again advised Cannici her rights and Cannici again told the district court that she understood her rights.

Based on our review of the record, we find that the district court sufficiently explained the right to a jury trial to Cannici and that she clearly waived her rights. Furthermore, we find that Cannici had multiple opportunities to tell her attorney or the district court if she did not understand her rights or the judicial process. In fact, the district court offered Cannici an opportunity to discuss her rights and the implications of the pleas with her attorney, but she declined the opportunity and indicated that she did not need additional time.

It is also important to recognize that for two of the underlying cases—case No. 15 CR 218-P and case No. 15 CR 295-P, Cannici also signed a written plea agreement that stated that she understood and waived her right to a jury trial. The plea agreement advised Cannici of the rights described above, including "the right to a speedy and public trial by jury." The plea agreement goes on to advise Cannici that if she pleads guilty, she waives her "right to a trial, and that there will be no further trial of any kind, either before a court or jury. That means that [she is] giving up [her] right to a trial and [she] will never receive a trial for these charges." Cannici initialed by each of these advisories. Based on this detailed factual record, the district court did not abuse its discretion by determining that Cannici voluntarily and knowingly waived her right to a jury trial.

Finally, we note that the same judge presided over both of the plea hearings and over the hearing on the motions to withdraw plea. As the Kansas Supreme Court has recognized:

> "Perhaps most importantly for our purposes, the same judge presided at the plea hearing and at the motion to withdraw plea hearing. At the plea hearing, the judge was able to observe [defendant] when he stated that he understood the nature of the charges against him; that he understood his rights; that he was entering a plea of his own volition; and that he was not threatened or coerced into entering the plea. Thus, when [defendant] testified at the plea withdrawal hearing that he had been misled, coerced, and forced to enter a plea, the judge was able to ascertain that such testimony 'did not comport with what occurred at the time of plea,' and to draw a conclusion as to which contradictory testimony was more credible. Likewise, the judge had the opportunity to observe the demeanor of the attorney and interpreter when they contradicted [defendant's] characterization of the plea discussions." *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012).

Accordingly, we conclude that the district court did not abuse its discretion in denying Cannici's motions to withdraw her pleas.

Affirmed.