NOT DESIGNATED FOR PUBLICATION

No. 117,890

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON L. ORENDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Opinion filed August 3, 2018. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., PIERRON, J., and WALKER, S.J.

PER CURIAM: Jason L. Orender appeals the district court's denial of his presentence motion to withdraw his guilty pleas. We are not persuaded by his arguments that he did not have competent counsel when entering his pleas; that he was misled, coerced, and unfairly taken advantage of when entering his pleas; and that he did not fairly and understandingly enter his pleas. Thus, we affirm the district court's denial of Orender's motion.

When Orender's 14-year-old daughter disclosed that her father had sexually abused her, Orender was questioned by the police and admitted on tape that he had

1

sexually abused her at least 20 times over the past year. The State charged him with one count of rape and one count of aggravated indecent liberties with a child.

Orender's retained counsel negotiated a plea agreement before the preliminary hearing. The agreement provided for Orender to plead guilty to the charges and for the State to recommend a midlevel sentence for each count, to be served consecutively, followed by lifetime postrelease supervision.

Before entering the plea agreement, Orender's lawyer provided him with a plea advisory that informed him of the rights that he would be waiving by entering these pleas, the rights he had in relation to going to trial, the nature of the offenses he would be pleading guilty to, and the possible length of sentence that he would be required to serve if he pled guilty to the crimes. In this plea advisory, Orender acknowledged that he was satisfied with his lawyer's representation.

At the plea hearing, the district court engaged in a comprehensive colloquy with Orender to make sure that he understood the charges, the details of the plea agreement and its consequences, the rights he would be waiving by entering these pleas, and the consequences of pleading guilty.

Orender told the court that he reviewed the plea advisory. He stated that he understood the plea advisory, the charges to which he was pleading guilty, the consequences of his pleas, the loss of his right to testify in his own defense if he entered these pleas, the loss of the right to a trial and an appeal if he entered these pleas, the possible sentences for each charge, his obligation to register under the Kanas Offender Registration Act for the remainder of his life, and the requirement that he serve lifetime postrelease supervision.

2

Orender also told the court that he understood he was not required to enter these pleas, that he understood he was not required to follow the advice of counsel, that it was his decision to enter these pleas, and that he did not have any questions about the plea agreement. The district court then advised Orender:

"Once I accept your plea, we'll schedule a sentencing hearing which will be at least a month out, if not longer. If you were to have a change of heart between now and your sentencing, it is likely that I will not set aside your plea because you've gone through this with your attorney in writing, I'm going through it with you now, and so I need to make sure you have no hesitancy—other than I know this is hard—but that you're prepared to go forward with your plea today; is that correct?"

After hearing this, Orender again expressed that he was prepared to enter these pleas. Orender then swore upon his oath to tell the truth that he reviewed the plea agreement, that he understood the rights he was giving up, that he understood the penalties he was facing, and that he signed and understood the plea advisories. Orender then pled guilty to each charge, confirming that he was pleading guilty to the charges because he was, in fact, guilty.

Before sentencing, Orender moved to withdraw his pleas because his counsel was incompetent, he had been coerced into accepting the plea agreement, and his pleas were not fairly and understandingly made.

At the hearing on Orender's motion, he claimed that his counsel was incompetent because he forced Orender to waive his preliminary hearing, he failed to provide Orender with any written information relating to a plea agreement, he failed to conduct any discovery, he failed to hire an investigator or expert witness, he failed to move to suppress Orender's confession, he failed to prepare for trial, and he failed to explain postrelease supervision to Orender. He also claimed that he began crying during the plea hearing because he felt that he did not have a choice on whether or not to plead and was

3

being forced to sign the plea agreement. Finally he claimed he would not have entered his pleas if he had understood lifetime postrelease supervision.

Orender's attorney, an experienced criminal defense lawyer, testified about his discussions with Orender about the nature of the proceedings and possible defense strategies, including pretrial motions. He did not think there was a legal basis for challenging Orender's confession through a suppression motion. Moreover, he warned Orender about the risks associated with a preliminary hearing at which his daughter might testify to other sexual encounters with Orender which might lead to additional charges against him.

Orender's attorney further testified that he provided Orender with copies of discovery he received, and they watched videos of police interviews together. He decided that hiring an investigator or expert witness would not be fruitful under the facts of the case. He explained to Orender the risks associated with trial of a Jessica's Law case. Orender told him that he did not want to put his family through a trial, and he asked the attorney to try to get the best possible deal through plea negotiations. The attorney wrote Orender a letter that detailed two possible plea deals and explained the implications of each. He also explained postrelease supervision to Orender.

The district court denied Orender's motion and sentenced him to 155 months in prison for rape and a consecutive 59 months in prison for aggravated indecent liberties with a child, followed by lifetime postrelease supervision. Orender appeals.

Before sentencing, a defendant may withdraw a plea upon a showing of good cause. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). A showing of good cause turns on whether "'(1) the defendant was represented by competent counsel, (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of, and (3) the

4

plea was fairly and understandingly made.' [Citations omitted.]" *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006).

We review the district court's ruling for any abuse of discretion. *Schaal*, 305 Kan. at 449.

> "Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based." *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

In our review we do not reweigh the evidence or reassess the credibility of witnesses. *State v. Swanigan*, 279 Kan. 18, 23, 106 P.3d 39 (2005). When the same district court judge presides over both the plea hearing and the plea withdrawal hearing, that judge is in the best position to resolve conflicts in the testimony and make determinations as to whether good cause is shown. *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012). The party asserting abuse of discretion has the burden of proof. *Schaal*, 305 Kan. at 449.

*Orender Had Competent Counsel*

A defendant who seeks to withdraw a plea before sentencing need not prove that counsel's performance fell below the constitutional standard of advocacy, but instead need only show that counsel's advocacy was lackluster. *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010). Here, Orender claims his counsel failed to request discovery or file any motions in the case, including a motion to suppress his confession.

5

From its ruling it is apparent that the district court found Orender's attorney more credible than Orender. We do not revisit on appeal the credibility of any witness at the hearing. *Swanigan*, 279 Kan. at 23. Here, the evidence shows that Orender's attorney, an experienced criminal defense attorney, presented Orender with the plea advisories which showed the potential sentences that Orender could receive by pleading guilty to the crimes. He explained postrelease supervision to Orender. He informed Orender that he could choose to go to trial if he wished. He advised Orender that accepting the plea agreement would be in his best interest in light of the damning evidence. He showed Orender the evidence against him and consulted with him about the nature and possible consequences of the charges against him. He explained to Orender the strategic decisions he made. He made the reasonable strategic decision not to hire an investigator or expert and not to challenge Orender's confession given the facts of the case. He explained the risks associated with a preliminary hearing and the trial of a Jessica's Law case. Orender stated in the plea advisory that he was satisfied with his lawyer's representation, and Orender swore that he had read and understood the plea advisory.

Based on this evidence, the district court did not abuse its discretion in finding that Orender was represented by competent counsel.

*Orender Was Not Misled, Coerced, Mistreated, or Unfairly Taken Advantage of*

Orender asserts that his counsel's failure to prepare for trial coerced him into accepting the plea. He claims that his attorney only gave him the option of accepting the plea.

Coercion justifying relief is established when the attorney's "methods were so coercive as to 'force' his client to accept the plea, *i.e.*, [when] the attorney prevented his client from exercising free will in the decision to plead." *Macias-Medina*, 293 Kan. at 838.

Orender told his counsel that he did not want to go to trial because that would require testimony from family members, which he did not want. He urged counsel to get the best possible deal through plea negotiations.

Orender says that he broke down crying during the plea hearing because he was being forced to enter the plea of guilty. But at that point the judge—the same judge who presided over the instant motion—asked Orender: "I need to make sure you have no hesitancy—other than I know this is hard—but that you're prepared to go forward with your plea today; is that correct?" Orender responded, "Yes." The judge also advised Orender that he did not have to enter the plea or follow the advice of counsel. That judge was in the best position to evaluate whether Orender was being forced to enter his pleas. See *Macias-Medina*, 293 Kan. at 839. We find no abuse of discretion in the district court's finding that Orender was not coerced into accepting the plea agreement.

*Orender's Pleas Were Fairly and Understandingly Made*

Orender asserts that his counsel and the district court failed to inform him what it meant to be subject to lifetime postrelease supervision and that this failure renders his plea void.

Here, the district court informed Orender at the plea hearing of the rights that he would be waiving by pleading guilty, of the nature of the offenses to which he was pleading guilty, and of the potential sentences for each charge. The court told Orender that he would be subject to lifetime postrelease supervision. The court asked him if he had any questions about the plea agreement or the possible punishments, and Orender said he did not have any questions. Moreover, Orender was provided all of this information in written form in the plea advisories, and Orender swore that he read and understood them. The district court did not abuse its discretion in finding that Orender's plea was fairly and understandingly made.

7

Affirmed.