NOT DESIGNATED FOR PUBLICATION

No. 118,858

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DALLAS F. YOAKUM,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed March 1, 2019. Affirmed.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Leslie A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., LEBEN, J., and KEVIN BERENS, District Judge, assigned.

PER CURIAM: Dallas F. Yoakum appeals the revocation of his probation and the denial of his motion to modify sentence. Yoakum argues the district court abused its discretion when it revoked his probation, denied his motion to modify sentence, and ordered him to serve his underlying prison sentence. After review, we find the district court acted reasonably and we affirm the district court's judgment.

1

On December 10, 2015, the State charged Yoakum with one count of offender registration violation, a level 6 person felony. Pursuant to a plea agreement, Yoakum pled guilty to the charge in exchange for the State recommending that the district court make a border box finding and grant Yoakum probation. However, based upon the criminal history score of I and the severity of the charge, Yoakum's sentence was presumptive probation. At sentencing, the district court placed Yoakum on probation for 24 months, with an underlying sentence of 18 months in prison and 24 months of postrelease supervision. However, before Yoakum could begin his probation, he had to serve a parole sanction.

Yoakum began probation with the Sedgwick County Adult Field Services in January 2017. On March 28, 2017, the district court issued a warrant for Yoakum's arrest, alleging that between March 8 and March 27, Yoakum tested positive for methamphetamine, admitted to using methamphetamine, failed to report to a 48-hour jail sanction as directed by Intensive Supervision Officer (ISO) Marcus West, was not at his residence for a scheduled home visit, and failed to report to West as directed. His whereabouts were unknown until his arrest on April 24, 2017.

At the probation violation hearing held May 18, 2017, Yoakum admitted to each of the violations. The district court informed Yoakum that it did not have a zero tolerance policy for substance use and understood the problems addicts faced when they began to struggle after they had gotten clean. However, the district court warned Yoakum that if he did not stop the downward spiral he would end up back in prison. The district court expressed the importance of always reporting to his ISO, even if Yoakum relapsed, advising that he would have consequences for continued drug use but the consequences would be less severe than those for continued failure to report. The district court further stated that failure to report was the same as telling the district court he did not want to or

could not complete probation, which would result in revocation. The district court ordered Yoakum to serve two 48-hour jail sanctions and imposed new probation conditions: complete ComCare mental health treatment and successfully complete any evaluations ordered by West.

On June 12, 2017, the district court issued a warrant for Yoakum's arrest, alleging that two weeks after the probation violation hearing, Yoakum tested positive for methamphetamine, THC, and alcohol; and on June 9, he failed to report to his ISO as directed and his whereabouts were unknown. The district court issued another warrant on August 7, 2017, alleging that on July 7, 2017, Yoakum committed the offenses of possession of methamphetamine, possession of drug paraphernalia, obstruction of the legal process, and no rear reflector on his bicycle, and that he committed an additional probation violation for possessing methamphetamine.

Yoakum denied the allegations in both warrants and requested an evidentiary hearing. However, at the evidentiary hearing, Yoakum admitted to the allegations in the June 2017 warrant. With regard to the August warrant, he admitted to possession of methamphetamine, possession of drug paraphernalia, obstruction of legal process, and no rear reflector on a bicycle.

Yoakum asked the district court to impose a 60-day jail sanction then allow him to continue on probation. He noted that he had been in custody 78 days at that point and asked that he receive time served for the sanction. He then asked that, if the district court were inclined to revoke his probation, it modify his sentence from 18 months to 12 months, allowing him to complete his sentence quickly and move forward in getting his life together. He supported the requests by pointing out what a struggle parole had been after 18 years in prison. The world was fast-paced and he was trying to catch up and learn how to do everything on his own. Yoakum struggled with anxiety but could not get an

3

appointment at ComCare for one to two months. By the time he could see the doctor, he had already relapsed.

West informed the district court that he had tried setting up Yoakum with a work force specialist, ComCare mental health, and drug and alcohol treatment. He stated, "At the end of the day he has to show up to the appointments, he has to follow-up, he's got to talk about what's working, what's not working, and I didn't feel we got much of that." West said Yoakum tended to start easy then disappear and Yoakum had shown that he was not willing or not able to make it through probation. The district court asked whether Yoakum would be appropriate for the residential program, but the State indicated Yoakum was ineligible because he did not have enough time remaining on his sentence after subtracting his 301 days jail time credit to complete the full nine-month program.

The State asked the district court to revoke Yoakum's probation and impose his original sentence, noting that Yoakum's probation violations and new charges showed he was not amenable to treatment. The State erroneously pointed out that the district court had granted Yoakum probation based upon a border box finding pursuant to a plea agreement. The State went on to argue that Yoakum failed to hold up his end of the bargain by not showing up to probation appointments or treatment, by continuing drug use, and by resisting arrest to the point an officer tased him. The State concluded that his continued drug use, noncompliance, and new charges demonstrated that Yoakum was a danger to the community.

While the district court sympathized with Yoakum's struggles within the system, it considered resisting arrest to the point of being tased as a demonstration that Yoakum presented a community safety issue. The district court found that because Yoakum committed a new crime, it did not have to impose intermediate sanctions, noting its concern that Yoakum was incapable of successfully completing probation. The district court revoked Yoakum's probation and ordered him to serve his underlying sentence.

Yoakum timely appeals.

## DID THE DISTRICT COURT ABUSE ITS DISCRETION BY REVOKING YOAKUM'S PROBATION?

Revocation determinations typically involve a retrospective factual question of whether a probationer violated a condition of probation and a discretionary determination of whether the violation warrants revocation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008) (quoting *Black v. Romano*, 471 U.S. 606, 611, 105 S. Ct. 2254, 85 L. Ed. 2d 636 [1985]). Revocation determinations rest within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015).

> "Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law . . . ; or (3) based on an error of fact . . . . The movant bears the burden to prove the district court abused its discretion. [Citation omitted.]" *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

Yoakum does not challenge the district court's authority to impose his original prison sentence without first imposing intermediate sanctions. Instead, he challenges the reasonableness of the district court's determination. The record shows that the district court sentenced Yoakum to probation for violating his offender registration requirement in June 2016, but Yoakum did not begin his sentence until January 11, 2017. In less than two months of probation, Yoakum began a pattern of drug use and failing to report as directed. After submitting urine samples that tested positive for illegal substances and substances prohibited while on probation, Yoakum stopped reporting as directed. For two of the nine months Yoakum was on probation, he stopped reporting and his whereabouts were unknown; for three of the nine months, he was in jail. His continued failure to report has demonstrated an unwillingness to cooperate with his conditions of probation.

5

Yoakum argues the district court should have reinstated his probation after a 60-day sanction because his issues stem from the system failing him as he was not able to receive mental health treatment and medication when he needed it. However, West stated he tried setting up Yoakum with work force specialists, ComCare mental health, and drug and alcohol treatment. He concluded that community corrections could only do so much and "[a]t the end of the day [Yoakum] has to show up to the appointments, he has to follow-up, he's got to talk about what's working, what's not working, and I didn't feel we got much of that." Yoakum had supports in place and an ISO who tried making connections to the services he needed. Yoakum chose to disregard the services available and stop reporting instead. More importantly, Yoakum admittedly committed new crimes while on probation. The district court did not abuse its discretion in revoking Yoakum's probation.

### DID THE DISTRICT COURT ABUSE ITS DISCRETION BY ORDERING YOAKUM TO SERVE HIS UNDERLYING PRISON SENTENCE?

The district court may order a defendant to serve the original sentence or any lesser sentence upon the revocation of the defendant's probation. K.S.A. 2017 Supp. 22-3716(c)(1)(E). We review a district court's denial of a defendant's request for a lesser sentence upon revocation of probation under the abuse of discretion standard. *State v. Weekes*, 308 Kan. 1245, 1250, 427 P.3d 861 (2018). A judicial action is an abuse of discretion if it adopts a view that no reasonable person would adopt. The movant bears the burden of proving the abuse of discretion. *Davisson*, 303 Kan. at 1065.

In determining the appropriate consequence of the violations, the district court considered the factors above as well as Yoakum's difficulty with obtaining mental health and substance abuse treatment. At Yoakum's first probation violation hearing in May 2017, the district court sympathized with his struggle with addiction and stressed the importance of always reporting, advising Yoakum that while he would have

consequences for continued drug use, the consequences would not be as severe as revocation for failure to report. The district court also heavily weighed the fact that Yoakum was so uncooperative with the arresting officers that an officer had to tase him, finding that such behavior presented a community safety concern. Finally, the district court took into consideration the fact a new crime had been committed, thereby allowing it to bypass any intermediate sanction and order the underlying prison sentence. Considering Yoakum's persistent refusal to participate in probation, failure to heed the district court's warnings regarding continued noncompliance with probation, and commission of a new crime, the district court's determination was reasonable. The district court did not abuse its discretion by denying the modification of sentence and ordering the underlying prison sentence be served.

Affirmed.