NOT DESIGNATED FOR PUBLICATION

No. 124,074

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TRAE L. TAYLOR,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed March 4, 2022. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before WARNER, P.J., CLINE, J., and RACHEL L. PICKERING, District Judge, assigned.

PER CURIAM: Trae L. Taylor appeals the summary dismissal of his untimely motion to withdraw his guilty plea. Because Taylor has shown no excusable neglect to justify the untimely filing of his motion, we affirm the district court's ruling.

Taylor was charged with aggravated indecent liberties with a child in 2014. Before trial, he sought to dismiss his counsel, alleging ineffective assistance and irreconcilable conflicts. Taylor claimed, among other things, that his counsel told him he was going to

1

prison and should take a plea agreement. Taylor later told the district court he no longer wished to pursue this motion and withdrew it.

Taylor eventually pleaded guilty to an amended charge of indecent liberties with a child under a plea agreement. At his plea hearing, Taylor acknowledged that he had read the plea agreement and reviewed it with his counsel. Taylor told the district court he fully understood the agreement, had no questions about it, and was not coerced into signing it. Taylor also acknowledged that his conviction for indecent liberties with a child required lifetime postrelease supervision and told the district court he was satisfied with his attorney's services.

In November 2015, the district court sentenced Taylor to 55 months in prison with lifetime postrelease supervision. Taylor did not seek a direct appeal.

In July 2020, Taylor moved pro se to withdraw his plea. Taylor alleged that his counsel misled and coerced him into signing the plea agreement, and she provided ineffective assistance by failing to prepare him for trial. He also claimed his counsel withheld crucial information in pressuring him to plead guilty. Taylor claimed his counsel knew the victim did not plan to testify that Taylor had forced himself on her but did not tell Taylor.

The district court found it could resolve all issues based on the filings and the court record (of which it took judicial notice), so an evidentiary hearing was not required. The district court denied the motion as untimely. While it acknowledged the one-year statutory deadline for withdrawing a plea could be extended based on a showing of excusable neglect, Taylor had shown no reason for his almost four-year delay in filing his motion. The district court then explained that even if Taylor's motion were timely, it would deny the motion on its merits because there was no sign that granting the motion was necessary to correct manifest injustice.

On appeal, Taylor argues the district court should have liberally construed his pro se motion to find excusable neglect and granted him a hearing on the merits. We are unpersuaded.

Since the district court summarily dismissed Taylor's motion, we review its decision de novo. This standard is applied because we have the same access to the motion, records, and files as the district court. *State v. Adams*, 311 Kan. 569, 574, 465 P.3d 176 (2020).

A postsentence motion to withdraw a plea must be filed within one year after the termination of the defendant's direct appeal or the termination of appellate jurisdiction. This time limit may be extended only upon an affirmative showing of excusable neglect by the defendant. K.S.A. 2020 Supp. 22-3210(e).

The Kansas Supreme Court has noted that "excusable neglect resists clear definition and must be determined on a case by case basis." *State v. Hill*, 311 Kan. 872, 878, 467 P.3d 473 (2020). That said, excusable neglect requires some justification beyond mere carelessness or ignorance of the law on the defendant's part. *State v. Davisson*, 303 Kan. 1062, 1069, 370 P.3d 423 (2016).

Taylor filed his motion almost four years late and did not identify any reason for his delay in seeking to withdraw his plea to the district court. On appeal, he argues the district court should have liberally construed his pro se motion to find his delay was due to his trial counsel's threats and coercive tactics, as well as her failure to fully explain the plea agreement. Taylor argues that, as a lay person, he expected his attorney to have his best interests in mind and "would not know that he was being misled into the plea agreement." Taylor seems to imply he did not realize he was coerced into pleading guilty or that his attorney did not fully explain the plea agreement terms to him until recently.

He does not explain when he came to this alleged realization, nor does he explain what brought it on. And, on its face, we do not find it credible.

Before Taylor entered his plea, he moved to dismiss his counsel for the same reasons he now claims she was coercive—he alleged she told him he was going to prison and should take a plea agreement. Thus, he knew about the facts underlying one of the reasons he seeks to withdraw his plea at that time. He also withdrew his motion to dismiss his counsel and admitted to the district court he was satisfied with his counsel's services and was not coerced into entering the plea agreement. As for his claimed ignorance of the plea agreement terms, the record reflects the district court informed Taylor he would be subject to lifetime postrelease at the plea hearing, and Taylor acknowledged he had the plea agreement and had read it entirely at that same hearing. The record is thus sufficient to find neither excuse has any merit.

We find the district court did not err in finding Taylor failed to make the affirmative showing of excusable neglect which is required to justify consideration of his untimely motion to withdraw his plea. We affirm the district court's summary dismissal of Taylor's motion because it was untimely. Since his motion was statutorily barred, we need not address its merits.

Affirmed.