NOT DESIGNATED FOR PUBLICATION

Nos. 119,912
119,913

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TYLER O. PHILLIPS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed October 4, 2019. Affirmed.

*Angela M. Davidson*, of Davidson Appellate Law, of Lawrence, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.


PER CURIAM: Tyler O. Phillips pled guilty to charges of attempted aggravated robbery, aggravated robbery, and kidnapping in case 2016-CR-152 and aggravated robbery and kidnapping in case 2016-CR-154. Phillips filed a presentence motion to withdraw pleas in both cases, but the district court denied the motion. He appeals the denial of the motion to withdraw pleas to our court. Finding no error, we affirm.

1

On January 15, 2016, Phillips was charged with two counts of kidnapping (K.S.A. 2015 Supp. 21-5408[a][2]), two counts of aggravated robbery (K.S.A. 2015 Supp. 21-5420[b][1]), and one count attempted aggravated robbery (K.S.A. 2015 Supp. 21-5301[a], [c][1]) in two separate criminal cases. After numerous continuances, a plea agreement was reached and Phillips entered guilty pleas as charged in both cases.

The plea agreement provided that Phillips would plead guilty as charged in both cases, and in exchange the State would recommend that (1) the district court impose the lowest sentence for each count and (2) the sentences should run concurrent. The plea agreement further stated that because the criminal cases remained separate, each case would count against Phillips' criminal history score. Finally, the plea agreement allowed Phillips to argue for an alternative disposition at sentencing.

On August 31, 2016, Phillips filed a presentence pro se motion to withdraw pleas. The motion alleged that his trial counsel, David Leon, coerced him into making the pleas and, as a result, Phillips did not knowingly, voluntarily, and intelligently plead guilty as charged in both cases. Soon after, Phillips obtained new counsel who filed an additional motion to withdraw pleas on his behalf. The motion stated numerous claims of ineffective assistance of counsel:

- Phillips' trial counsel promised he would get his first case dismissed, his second case reduced to theft, and that he would receive probation.
- Phillips' trial counsel was ineffective in preparing a defense and placed too much emphasis on obtaining a plea agreement that Phillips did not want to accept.
- Phillips' trial counsel failed to comply with discovery requests.

- Phillips' trial counsel misled and coerced him into waiving his rights due to his lack of understanding of the court system.
- Phillips' trial counsel forced him to choose between 431 months in prison if he asked for a bench trial or 221 months under a plea agreement.
- Phillips' right to a speedy trial was violated because his trial counsel misled him into signing numerous continuances.

The district court held an evidentiary hearing on the motion wherein Phillips and the State presented testimony. The motion was denied. Thereafter, the district court sentenced Phillips to a controlling sentence of 221 months in prison. Phillips filed a timely notice of appeal.

DENIAL OF PHILLIPS' PRESENTENCE MOTION TO WITHDRAW PLEAS

Our standard of review provides: "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2018 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

> "'Judicial discretion is abused if judicial action is (1) arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would take the view adopted by the trial court; (2) based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.' *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016) (citing *State v. Beaman*, 295 Kan. 853, 865, 286 P.3d 876 [2012])." *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016).

When reviewing whether a defendant has demonstrated good cause, courts generally consider the three *Edgar* factors: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. See *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). They establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

On appeal, Phillips complains the district court erred by denying his motion because he demonstrated good cause to withdraw his pleas under the first two *Edgar* factors. Both factors will be individually discussed.

*Whether Defendant Was Represented by Competent Counsel*

In establishing good cause to withdraw no contest pleas, Phillips is not required to show Leon was unconstitutionally ineffective; rather, he may rely on "'[m]erely lackluster advocacy'" to support good cause under the first *Edgar* factor. *State v. Schaefer*, 305 Kan. at 589. "To engage in competent representation, plea counsel must advise the defendant of the range of possible penalties and discuss the choices available to the defendant." *State v. McGinley*, No. 119,781, 2019 WL 3850605, at *5 (Kan. App. 2019) (unpublished opinion) (citing *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014), *petition for rev. filed* September 16, 2019.

With regard to Phillips' claims of ineffective assistance of counsel, the district court ruled that evidence incriminating Phillips in the crimes ranged from fairly strong to overwhelming. The district court noted that Phillips' confession to police appeared freely and voluntarily given which made filing a motion to suppress this evidence unnecessary.

As to Leon's trial preparation, the district judge stated that, although Leon did not conduct a significant amount of independent investigation or consulting of experts, "I don't see, again, anything that sticks out in my review of the evidence that would sit there and go, well, you know competent lawyer would have done this or this, you know, the fingerprint stuff is very hard to challenge." Moreover, letters between Phillips and Leon proved that from the beginning of the plea negotiations, Phillips was clearly aware that probation was not an option. Based on the evidence presented, the district court concluded that Leon was not incompetent or ineffective.

On appeal, Phillips argues that Leon was ineffective for several reasons. Phillips contends that, in the 15 days before the scheduled jury trial, Leon did not personally visit with him to prepare his defense. He contends Leon only filed one motion—a motion to reduce bond—and forced him into signing motions to continue the trial in violation of his right to a speedy trial. With regard to discovery, Phillips admits Leon provided him with police reports, but he complains that Leon failed to show him any video evidence.

Upon our independent review, the record on appeal does not support Phillips' contentions. On the contrary, the record shows that Leon informed Phillips of the possible penalties he was facing and discussed available alternatives. At the hearing, Phillips testified that Leon came to visit him on only four or five occasions. Phillips admitted, however, that Leon wrote him letters throughout the entire criminal proceedings. During the visits and through letters, Phillips conceded that Leon communicated the pros and cons of going to trial or pleading guilty, discussed the sentences he could receive under either scenario, and reviewed the overwhelming incriminating evidence the State was going to present at trial. Leon testified that he sent Phillips letters updating him on the status of his case after every hearing or every development in the case.

Additionally, Leon testified that he sought permission to make a special visit with Phillips on the Saturday before trial, but there was insufficient security to allow the visit. The district judge, who Leon contacted in an attempt to arrange the special visit, confirmed this fact. Leon further explained that he probably did not visit Phillips in the two weeks before the last trial setting because he had prepared for trial at an earlier date and there was nothing more that needed to be discussed with Phillips regarding trial preparation.

In addition to the testimony of Phillips and Leon, the district court admitted in evidence letters that Leon had sent to Phillips during his legal representation. In these letters, Leon discussed with Phillips how the two separate cases could potentially be used against him. Leon also advised Phillips that they would proceed to trial at Phillips' request and that it was his right to request a jury trial. Leon also advised that, during the negotiating process, he was still preparing for trial because that was Phillips' objective. Another letter indicated that Leon counseled Phillips that he should not minimize his right to a trial, but that Leon would continue to pursue a plea agreement based on their discussions. In sum, Phillips' contentions are directly disputed by the attorney/client correspondence produced as evidence at trial.

Phillips also alleges that Leon was ineffective in preparing for jury trial and did not allow him access to discovery. Phillips testified that he asked Leon to bring all of his discovery items and he could not recall Leon ever discussing any trial preparation with him during his visits. Phillips specifically remembered asking for a video recording, but Leon refused to let him view it because it was strictly for trial purposes.

With the exception of the video recording, the record shows that Leon provided Phillips with discovery and they discussed the evidence together. Although Leon admitted that Phillips did not view the video recording, Leon testified that he showed Phillips the still frame pictures from the video. In reviewing the discovery, Leon learned

6

that Phillips had made voluntary confessions to the police. Phillips also did not claim that his incriminating statements were involuntary. As a result, Leon did not believe there was a basis to file any motions to suppress. Of note, the victims had also positively identified Phillips from a line up and his fingerprints were left at the scene of one of the crimes. Based on this discovery information, Leon advised Phillips regarding legal procedures, and told him he would continue to negotiate the best possible plea agreement for him. In summary, it appears that Leon shared with Phillips considerable incriminating discovery in order to inform him of the likelihood of convictions in the event the case proceeded to jury trial. We find no ineffective assistance with regard to Leon's handling of discovery.

Phillips also claims that Leon was ineffective because he promised that one of the criminal cases would be dismissed and the other case would have a reduced charge of simple threat with only a sentence of probation. This claim was directly contradicted by Leon's testimony and the attorney/client correspondence. Leon testified that he never promised Phillips that he would receive probation because he knew about Phillips' criminal history which placed him in the sentencing guidelines range for presumptive prison. Although Leon repeatedly sought probation, he informed Phillips early on through a letter that the State would not agree to that disposition. Moreover, Leon advised Phillips that the controlling sentence was solely up to the sentencing judge's discretion when they reviewed the acknowledgement of rights form prior to entering the pleas.

In summary, the record reflects Leon discussed Phillips' jury trial rights, the possibility of obtaining a plea agreement, the possible sentences he was facing under either a conviction or a plea, and the weight of the evidence against him. The record on appeal also shows Leon and Phillips remained in contact throughout the entire representation. Thus, the record supports the district court's finding that Leon provided competent legal counsel.

*Whether Defendant Was Misled, Coerced, Mistreated, or Unfairly Taken Advantage Of*

On appeal, Phillips contends Leon forced him to accept the plea agreement because he only had two options—accept the plea agreement and obtain a 221-month sentence or be convicted by a jury at trial and receive a 431-month sentence. Phillips argues this was his first experience with the felony criminal process and he relied solely on Leon.

The district court held that although Leon may have been forceful about recommending the plea agreement, there was no evidence that Leon coerced or threatened Phillips in any way to effect the plea. Rather, Leon emphasized the necessity of accepting the plea agreement by explaining the negative consequences if Phillips was found guilty at trial. According to the district court, the fact that Phillips discussed the plea offer with his mother just before accepting it bolstered the view that this was a voluntary and knowing decision. In sum, it is very apparent the district court found Leon to be more credible than Phillips.

Our review of the evidence in the record supports the district court's decision. At the hearing, Phillips testified that Leon kept encouraging him to sign the plea agreement on the day of trial but he repeatedly rejected it and requested a continuance. Phillips testified that he felt pressured to sign the plea agreement because Leon informed him the judge was becoming angry due to his indecision.

On the contrary, Leon testified the jury trial could not be continued absent exceptional circumstances or agreement by the parties because the case was set on a firm trial schedule. Leon testified that he was prepared for trial and Phillips was the one who inquired about whether the plea agreement was still available. Leon then asked the prosecutor if the State would be willing to reoffer the plea agreement and the State agreed.

8

Leon spoke with Phillips for two or three hours about the plea offer. At the hearing, Leon was asked if he ever told Phillips that his only option was to accept the plea agreement. Leon testified, "No. I remember—now I remember this very part. I made it very clear to him, it is your right to go to trial. I can't force you to take a plea. I'm not going to force you to take a plea. You can go to trial." Leon took considerable time explaining the situation to Phillips and his mother, and both conversations were described as congenial.

According to Leon, he informed Phillips that based on his review of the evidence, if Phillips went to trial and was convicted he faced up to 431 months in prison. Leon testified that he believed the State had a very strong case against Phillips based on his years of experience as a criminal defense attorney. In particular, Leon highlighted the availability of incriminating witnesses, Phillips' identification, his confession, and his fingerprints left on a purse. Leon testified that he never informed Phillips there was a high likelihood he would be convicted, but he did advise his client that he could not guarantee an outcome. Leon also informed Phillips that the decision to convict a defendant is for the jury, and it was Phillips' sole decision to waive his jury trial rights.

At the motion hearing, Phillips admitted that Leon informed him by letter about four months before the trial date that the State was seeking prison time and that probation was not a possible sentencing disposition. Phillips rejected the original offer in July stating that he wanted to proceed with trial. Thus, Phillips was able to consider and reject the same plea offer on previous occasions in the months leading up to trial.

The transcript of the plea hearing also supports the district court's determination that Phillips knowingly and voluntarily entered the pleas of his own accord. At the outset, throughout the plea colloquy, the district judge requested that Phillips stop him at any time if he had a question. Phillips was asked numerous times if he understood his rights and if he was certain that he wanted to enter the guilty pleas. Phillips agreed every time.

9

The district court thoroughly explained Phillips' jury trial rights and the details of the trial procedures. The district court asked, "[T]o proceed with your no contest or basically an Alford guilty plea here, you have to understand those rights and agree to waive those rights; do you feel like you understand those rights?" Phillips replied that he understood his rights, he chose to waive the rights, and that he had a full opportunity to discuss the charges and his rights with Leon. Phillips stated he was satisfied with Leon's representation and no one had forced him to enter the guilty pleas. He acknowledged that Leon explained the terms of the plea agreement and that he signed the plea agreement forms. Phillips stated that the plea agreement was in his best interest and was beneficial to him.

At the plea hearing, Phillips stated that no one had promised him anything other than what was stated in the plea agreement. The district court explained to Phillips that he was going to enter an Alford plea. Phillips interjected and asked, "Yeah, I just want to make one thing sure I understand, I'm able to or we're able to argue the charges down, right, or the time?" The district court responded that Phillips could request a lesser sentence but he would not be able to lessen the charges.

The district court then explained the potential sentences Phillips could receive upon conviction and Phillips said that he understood. The district court informed Phillips that sentencing was solely up to the district judge and no one else, despite what the State or Leon might request or recommend. Phillips stated that he understood the district court's admonitions. In summary, the colloquy between the district court and Phillips at the plea hearing shows that the guilty pleas were made knowingly and voluntarily with a full understanding of Phillips' constitutional and statutory rights, an awareness of the plea agreement, charges, and potential sentences.

Upon our review of Phillips' claims of ineffective assistance of counsel, and applying the relevant *Edgar* factors to the facts of this case, we hold that Phillips has not

10

shown the district court abused its discretion by denying his presentence motion to withdraw pleas. See *DeAnda*, 307 Kan. at 503.

Affirmed.