NOT DESIGNATED FOR PUBLICATION

No. 120,451

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DOMINIC JOSEPH WILLIAMSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed November 27, 2019. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Moriah Plowden*, legal intern, *Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., GARDNER, J., and MCANANY, S.J.

PER CURIAM: Dominic J. Williamson was on probation with an underlying 16-month prison sentence. After two rounds of probation violations and the commission of new crimes, the district court revoked Williamson's probation and sent him off to serve his prison sentence. Williamson claims the district court abused its discretion in doing so. We see no abuse of discretion and affirm the district court.

Williamson was originally placed on probation in December 2017. In February 2018, the court found that he had violated the terms of his probation by failing to report to his probation officer. The court imposed a three-day intermediate sanction.

1

In March 2018, Williamson was again accused of violating the terms of his probation when he tested positive for methamphetamine, failed to notify his probation officer within 24 hours of having contact with law enforcement, failed to complete a drug and alcohol evaluation, failed to obtain full-time employment, failed to pay costs, and failed to report to his probation officer as directed.

Before any disposition on these newly charged probation violations, Williamson was charged with two new felonies: aggravated battery with a firearm and evading police. Williamson pled guilty to these new felony charges.

In November 2018, the district court held a hearing in which the court took up both Williamson's claimed second probation violations and his sentencing on his two new felony convictions. Williamson admitted to the probation violations.

Williamson moved for a downward departure sentence for his two new convictions. He argued that he had been in foster homes his whole life, and at age 18 he was discharged from foster care with nowhere to go. He is now age 19 and has become addicted to drugs and had witnessed his girlfriend's murder. The State opposed a departure sentence, arguing that Williamson was a danger to the community, having shot someone and then fleeing from police in his vehicle at speeds of over 100 miles per hour during rush hour traffic. While the district court was sympathetic to Williamson's difficult upbringing, it denied his departure motion.

In Williamson's original case for which he had been on probation, the court revoked Williamson's probation and ordered him to serve his underlying 16-month prison sentence after serving his sentences for his two new convictions. It is this order that is the subject of this appeal.

This appeal does not involve the district court's denial of Williamson's departure motion regarding his two new convictions. He argued in that motion that the court should be lenient in sentencing him for his two new crimes based on his youth and difficult upbringing.

In this appeal, Williamson asks us to find that the district court abused its discretion in ordering him to serve his original prison sentence. He argues that the district court should have considered these same factors of his youth and difficult upbringing in deciding whether to allow him to continue on probation. He contends that research shows that sending young adults like him to prison tends to turn them into a career criminals and that prison increases the risk of future drug use. These matters were not raised before the district court in connection with the separate issue of whether Williamson's underlying sentence should be imposed.

There is a question whether Williamson has preserved this issue for appeal. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Here, Williamson's objections based on his youth and difficult upbringing were directed at the imposition of sentences for his new crimes, not the issue of what the district court should do about his repeated probation violations.

Williamson argues that this issue is saved by the fact that we are permitted to consider issues raised for the first time on appeal when the newly asserted theory involves only a question of law arising from proved or admitted facts and is finally determinative of the case. See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Here, the underlying facts are not disputed, and our determination will be a final one in this case. The only issue before us is a legal one:  whether the district court abused its discretion in its ruling. Besides, the district court had before it the facts about

3

Williamson's youth and upbringing before deciding what to do about the probation violations. Under these circumstances, we will consider Williamson's arguments.

Once there is evidence of a probation violation, the decision to revoke probation rests within the sound discretion of the district court. *State v. McFeeters*, 52 Kan. App. 2d 45, 47, 362 P.3d 603 (2015). Abuse of judicial discretion occurs if the court's action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). A district court acts arbitrarily, fancifully, or unreasonably when it adopts a view that no reasonable person would adopt. Here, Williamson bears the burden of proving that the district court abused its discretion. See *State v. Davisson*, 303 Kan. 1062, 1065, 370 P.3d 423 (2016).

Williamson pled guilty to the new crimes and admitted he violated the terms of his probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A) permits a court to revoke an offender's probation without resorting to other intermediate sanctions when the offender commits a new felony or misdemeanor. Here, the district court clearly had the authority to revoke Williamson's probation and order that he serve his underlying sentence. The district court noted that Williamson had been given probation and that his probation officer could have put him in touch with needed resources. The district court had previously sanctioned Williamson for violating probation and ordered that Williamson's probation continue despite his violations. But then Williamson was caught after he shot a man and fled from the police by driving at speeds over 100 miles per hour during rush hour traffic. We find no support for the notion that under these circumstances no reasonable person would make the decision to remove Williamson from society and send him to serve his underlying prison sentence. The district court did not abuse its discretion in its ruling.

Affirmed.

4